(No. 39491.—

ALLEN W. FOX, d/b/a FOX CLOVER FARM SUPER MARKET, Appellant, vs. THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed March 24, 1966.*

LIBIT, LINDAUER & HENRY, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and JOHN J. O'TOOLE, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Allen W. Fox of South Beloit, d/b/a Fox Clover Farm Super Market, appeals from an order of the circuit court of Winnebago County refusing to set aside a judgment for use tax deficiencies. The appeal is direct to this court, since the revenue is involved.

In 1954 the Department of Revenue entered an assessment against the taxpayer for deficiencies in the amount of $21,101.95. He thereafter filed an action for administrative review in the circuit court of Winnebago County. On January 12, 1962, after he failed to appear at the hearing, the court entered an order that the action be dismissed and the assessment "approved and made final." Although the Administrative Review Act gives the court power, "in case of affirmance or partial affirmance of an administrative decision which requires the payment of money, to enter judgment for the amount justified by the record and for costs, upon which execution may issue as in other cases" (Ill. Rev. Stat. 1963, chap. 110, par. 275), no such entry of judgment was made in the January 12 order. No appeal was taken, nor was payment made.

On May 4, 1962, about four months later, the court entered an amended order reading the same as the original one except that the following was added: "and that judgment be and it is hereby ordered and entered in the sum of $21,101.95 in behalf of the Department of Revenue of the State of Illinois and against Allen W. Fox, d/b/a Fox Clover Farm Super Market, plus costs of this suit, and that execution in behalf of the Department of Revenue of the

State of Illinois be issued forthwith." On June 22, 1965, some three years after the date of the amended order, the plaintiff filed the present petition to expunge it, alleging that it was entered after the court lost jurisdiction over the cause and that it was entered without any notice to him or his attorneys. No answer or motion appears to have been made on behalf of defendant, nor was evidence taken. The petition was simply denied, on the same day that it was filed and presented. This appeal followed, the plaintiff praying that this judgment order be reversed in its entirety, or in the alternative that it be reversed and the cause remanded with appropriate directions.

It is apparent on the face of the record that the amended order is void, having been entered long after the statutory 30-day period had expired. As this court observed in *People ex rel. Sweitzer* v. *City of Chicago,* 363 Ill. 409, "After the term at which a judgment has been rendered has passed, the court cannot at a subsequent term amend the judgment, except as to matters of form, and after notice to the opposite party. The amendment must be made from some note, memorandum or memorial paper remaining in the files or upon the records of the court. It cannot rest in the recollection either of the judge or of other persons; nor can it be based upon *ex parte* affidavits or testimony." Here the added entry of judgment with execution thereon does not appear to be a mere matter of form. Nor was the amendment made from a memorandum, or after notice to the plaintiff.

It is contended that the plaintiff is estopped from attacking validity of the amended order because he induced the Department to hold off on any enforcement until it was too late to bring a separate action on the assessment. Defendant points to section 5 of the Retailers' Occupation Tax Act, which empowers the Department to recover the amount of any unpaid tax by an action at law "provided that no such action  *  *  *  shall be instituted more than 2 years

after the date any proceedings in court for review thereof have terminated." (Ill. Rev. Stat. 1963, chap. 120, par. 444.) It is argued that by entering into negotiations to satisfy the judgment the plaintiff induced the Department to forego this statutory procedure, and that he waited three years before attempting to set aside the judgment in order to cause any future action to be barred.

It is stated in the plaintiff's briefs that upon reading the January 12 order he and his counsel "were not disturbed by it," since it failed to enter a money judgment, that thereafter his counsel "informed the assistant attorney general of the error in the order of January 12 for want of entry of judgment," and that the Attorney General thereupon procured the amended order without notice. It is said in the defendant's brief and its appendix that negotiations were thereafter undertaken by plaintiff's counsel concerning some arrangement for paying the judgment. The plaintiff in his reply brief says he did not even know of the amended order until May 13, 1965, when counsel were informed of it in the course of a hearing on another matter.

It is evident that on this record there is no evidentiary basis upon which we can determine any question of estoppel, even if that doctrine is applicable in this kind of case. This court has observed, in other kinds of cases, that a void judgment may be vacated at any time and the doctrines of *laches* and estoppel do not apply. (*Cash* v. *Maloney,* 402 Ill. 528; *Ward* v. *Sampson,* 395 Ill. 353; cf. *James* v. *Frantz,* 21 Ill.2d 377.) But it is unnecessary to decide its application here, for it has not been properly put in issue. A petition of the present kind is the commencement of a new suit at law in which new issues are made up, and it is incumbent upon the defendant to plead to the petition in some manner and to support his defense by evidence or affidavit. (*Harris* v. *Chicago House Wrecking Co.* 314 Ill. 500.) The defendant here has filed no answer and preserved nothing entitling it to review on a question of estoppel or any other defense

undisclosed by the record. There is no finding or ruling on any such defense properly before this court.

The order of January 12 dismissing the action was undoubtedly a final appealable order in the case. It disposed of the case entirely, and unless it was set aside or appealed within the statutory 30-day period, or set aside in proceedings under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1963, chap. 110, par. 72), the court's jurisdiction of the cause was completely lost, and a further consideration of the case by the trial court for any purpose would not be warranted under the law. *Harris* v. *Chicago House Wrecking Co.* 314 Ill. 500.

The judgment will be reversed, and the cause remanded to the circuit court of Winnebago County with directions to expunge the amended order entered May 4, 1962.

*Reversed and remanded, with directions.*