*In re* MARRIAGE OF BERNADETTE J. GINGRAS, Petitioner-Appellant and Cross-Appellee, and JEROME J. GINGRAS, Respondent-Appellee and Cross-Appellant.

First District (4th Division)    No. 79-1620

Opinion filed June 19, 1980.

Giachini, Murphy & Mann, of Maywood (Michael B. Mann, of counsel), for appellant.

Meinhardt & Kightlinger, Ltd., of Arlington Heights (John D. Kightlinger, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Bernadette J. Gingras appeals from an order of the trial court denying her motion for an order *nunc pro tunc* correcting a clerical error in a judgment for dissolution of marriage. Jerome J. Gingras has filed a cross-appeal from that portion of the order which granted Bernadette's additional request that Jerome pay to Bernadette security deposits due the tenants of a building awarded to Bernadette in the judgment for dissolution of marriage, said payments to be made when and if claims to them were made.

We find that the trial court erred in refusing to correct the divorce decree and we reverse and remand with instructions as to that correction. We affirm that portion of the order relating to payment of security deposits.

The judgment for dissolution of marriage provided, *inter alia*:

"7. That the parties have entered into an oral Property Settlement Agreement whose terms are memorialized herein and the Court finds that the terms of such Agreement are fair and just and the parties desire that said agreement be made a part of this Judgment for Dissolution of the Marriage. As a settlement as and for an equitable division of the marital property and as and for settlement in lieu of maintenance whereas the parties waive all rights and claims to the other to permanent maintenance, the Property Agreement of the parties is as follows:

A. The parties agree to an equal division of the following property, achieved by a private bidding between the parties on June 13, 1978, pursuant to their agreement under oath and in open Court. Said division is as follows:

| BERNADETTE J. GINGRAS [Petitioner] is awarded as her sole property: | JEROME J. GINGRAS [Respondent] is awarded as his sole property: |
|---|---|
| (A) 68 West Cunningham Drive Palatine, Illinois | (B) Argosy Stock |
| Amount Bid: $110,000<br>Equity: $ 69,000 | Equity and<br>Amount Bid: $ 5,000 |
| (C) 3910 West 124th Street Alsip, Illinois | (D) 1/2 interest in Brigadoon Partnership |
| Amount Bid: $120,000<br>Equity: $ 72,500 | Equity and<br>Amount Bid: $ 49,500 |
| | (E) 3916 West 124th Street Alsip, Illinois |
| | Amount Bid: $120,000<br>Equity: $ 71,500 |
| Total Equity: $141,500 | Total Equity: $126,000 |

(Difference of $15,500 to equal $141,500 awarded to Petitioner is treated as a debt to Respondent in Paragraph D below).

\* \* \*

D. The Petitioner agrees to execute and deliver to the Respondent a second mortgage and assignment of rents on the aforedescribed property at 3910 West 124th Street, Alsip, Illinois, or in Palatine, to secure the said debt of $15,500.00, as evidenced by a promissory note, and payable in monthly installments of $201.97, commencing August 1, 1978, and due on the first day of each and every month

thereafter for eight (8) years, plus interest at the rate of 6 3/4 percent per annum.

\* \* \*

I. The Respondent agrees to execute, assign, and deliver all the necessary documents and monies presently held in connection with the operation of the rental income property of 3910 West 124th Street, Alsip, Illinois, after payment by the Respondent of all reasonable debts and expenses due on or before July 1, 1978, which are attributable to said building.

\* \* \*"

That judgment was entered on July 5, 1978. On October 24, 1978, Bernadette filed her motion to correct the judgment, alleging in substance that it was clear from the face of the judgment order that a mathematical error was made in determining the amount needed to equalize the $15,500 difference in equity between the two parties. Bernadette apparently also filed a petition in which she sought to recover from Jerome the security deposits held by him in connection with the property at 3910 West 124th Street in Alsip. However that petition has not been made part of the record on appeal. On July 12, 1979, the trial court entered an order denying Bernadette's motion to correct the judgment but granting her relief as to the security deposits as we have already outlined.

## I.

A trial court retains jurisdiction to enter a *nunc pro tunc* order correcting a final order or judgment even after the expiration of the term in which a judgment was entered. (*Spears v. Spears* (1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004.) The correction must be based on some note, memorandum, or memorial paper remaining in the file or upon the records of the court; it cannot be based on the recollection of the trial judge or other persons. (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 399 N.E.2d 216.) Moreover this power is limited to entering into the record something which was actually done; it may not be used to supply omitted judicial action, to correct judicial error, or to cure a jurisdictional defect. *Kooyenga v. Hertz Equipment Rentals, Inc.*; *Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill. App. 3d 345, 293 N.E.2d 623.

An example of the application of these principles may be seen in *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 263 N.E.2d 708. There the plaintiff's attorney, pursuant to the court's instructions, prepared the divorce decree which ordered defendant to pay to the plaintiff "\* \* \* $400 as alimony, to enable her to live as nearly as possible in the manner and style to which defendant's earnings and station in life

entitled her." More than 30 days after that judgment order was entered, plaintiff successfully moved to correct the order to read $400 *per month*. That order was upheld on appeal, the appellate court finding in part that the very language of the decree demonstrated that the figure was intended to be per month.

In this cause it is also clear from the very language of the decree that the trial court intended to provide for an equal division of the property listed in paragraph 7(A) of the divorce decree. That paragraph explicitly states that the parties agreed to an "equal division." This intent is further evidenced by the final sentence of that paragraph in which it is found that $15,500, the difference in the total equity amounts of the parties, will be treated as a debt from Bernadette to Jerome "to equal" the amount awarded Bernadette. The simple fact is that an arithmetical error was made in computing the amount needed to equalize the equity amounts; that figure should have been $7,750.

Jerome contends that any error made was that of Bernadette, whose attorney concededly drafted the order. But as was stated in *Dauderman*:

> "Clerical errors or matters of form are those errors, mistakes or omissions which are not the result of the judicial function. Mistakes of the court are not necessarily judicial errors. The distinction between a clerical error and a judicial one does not depend so much upon the source of the error as upon whether it was the deliberate result of judicial reasoning and determination." (130 Ill. App. 2d 807, 810, 263 N.E.2d 708, 710-11.)

Clearly the mistake made in this decree, even though it originated with one of the parties and was then incorporated in the decree, was not the result of judicial reasoning. Nor do we find merit in Jerome's contention that mathematical errors are not subject to correction by *nunc pro tunc* orders. Such errors simply constitute another form of clerical error. In *State v. F. B. Williams Cypress Co., Ltd.* (1913), 132 La. 949, 61 So. 988, the Louisiana Supreme Court noted that in a predecessor case it had found that the plaintiff was entitled to the profit earned by the defendant on timber he cut pursuant to an invalid agreement with a local school district. In that prior case the court computed the value of the timber as $109,400 and the cost to the defendant as $72,000. They then found the difference to be $28,400 and entered judgment for that amount. After the judgment had become final the plaintiff moved for correction of the error. The court held that it had the power to correct this error *nunc pro tunc*, stating:

> "* * * as the fact that apples fall to, and not from, the earth is established beyond judicial interference, so the facts that $2 + 2 = 4$ and that a smaller number subtracted from a larger one leaves a certain, immutable remainder, the amount of which may be ascertained by the use of a mechanical device, are established, leaving no room for the exercise of any judicial function. The

conclusion was reached in this case that plaintiff was entitled to recover the difference between $109,400 and $72,000, and the ascertainment of the figures which represent that difference was clerical work, and an error committed in the performance of clerical work appears to us to be a clerical error, no matter by whom committed." (132 La. 949, 965, 61 So. 988, 994.)

That reasoning applies with full force in this cause.

■■ Jerome has also asserted that he took into account the differential established by property division at issue in making other "concessions" concerning other property settlement issues. These assertions are without evidentiary foundation in the record submitted to us on appeal. Accordingly, we find that the trial court erred in denying Bernadette's motion to correct the record *nunc pro tunc*. Paragraphs 7(A) and 7(D) of the judgment for dissolution of marriage should be amended by substituting $7,750 for $15,500.

## II.

The trial court, at the same time as it denied Bernadette's motion to correct, did grant her petition to require Jerome to turn over to her the security deposits held on the property at 3910 West 124th Street in Alsip when and if claims to them were asserted. Jerome contends that the court erred in granting this relief because the parties "understood" that the properties would be divided without allowance for security deposits and further that all such deposits had been expended for the mutual benefit of the parties even before the July 5, 1978, judgment. Again, there is no evidentiary basis in the record for these assertions. Jerome has included a letter which his attorney purportedly sent to Bernadette's attorney on August 28, 1978, in which these assertions are made. That letter was appended as an unverified document to Jerome's response to Bernadette's petition in the trial court. Manifestly it does not in itself constitute evidentiary support for those claims. What the record does contain is paragraph 7(I) of the divorce decree in which Jerome agreed to deliver all monies held in connection with the operation of the property at 3910 West 124th Street. The order of the trial court pertaining to the security deposits was clearly in furtherance of that portion of the decree and we find no error in its entry.

For the foregoing reasons, the judgment of the trial court denying Bernadette's motion to correct the divorce decree *nunc pro tunc* is reversed and the cause remanded for entry of an order in conformity with this opinion; the remainder of the judgment is affirmed.

Affirmed in part, reversed and remanded in part.

LINN, P. J., and JOHNSON, J., concur.