WAYNE BRADLEY, Plaintiff-Appellee, *v.* THOMAS J. BURRELL *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-1033

Opinion filed June 24, 1981.

---

Freda R. Merritt, of Gukiina & Merritt, of Chicago, for appellants.

Thomas R. Vigil and Harry J. Devereux, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Wayne Bradley, brought this action for breach of an oral employment contract against defendants, Thomas J. Burrell and Burrell Advertising, Inc. Defendants filed a motion to dismiss the complaint which the trial court granted. Almost a year later, the trial court entered an order amending the original order of dismissal. This appeal involves the validity of the amended order. We reverse.

In his complaint, plaintiff alleged that Burrell Advertising offered him a job as creative art director. Plaintiff agreed to work for defendant for at least one year at a salary of $28,000 per year. As a result of this agreement, plaintiff terminated his other employment and moved to Chicago from Detroit, Michigan. Plaintiff began working for Burrell Advertising on April 6, 1977, and on April 15, 1977, plaintiff's employment was terminated by defendants.

Defendants filed what was entitled a "Motion to Dismiss Complaint and Enter Judgment in Favor of Defendants" under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57). The basis of the motion was that plaintiff's action was unenforceable under the statute of frauds (Ill. Rev. Stat. 1977, ch. 59, par. 1). On January 30, 1978, the trial court entered the following order: "Mo Deft for Summary Judg granted, Suit dismissed N/C."

Subsequent to the dismissal of the complaint, plaintiff filed another suit against the same defendants alleging fraud and reimbursement. Almost a year after the order dismissing the first complaint, the trial court entered an order granting defendants' motion for summary judgment on the first complaint "without prejudice to Plaintiff filing another complaint (a) properly alleging that Defendant fraudulently induced Plaintiff to move to Chicago and fraudulently induced Plaintiff to enter into the employ of Defendant and (b) properly alleging Plaintiff's claims for reimbursement in separate counts."

Defendants filed a motion to quash the amended order of dismissal. At the hearing on the motion, the trial judge orally related his recollection of what had occurred with respect to the original order of dismissal and the subsequent amendment. According to the judge, defendants' motion for summary judgment had been granted without prejudice, and both

parties understood that the dismissal was to be without prejudice. Almost a year after entry of the original dismissal order, plaintiff's attorney contacted the judge and asked him to sign an order clarifying his earlier ruling. The judge instructed plaintiff's attorney to draft an order, and the judge signed it when plaintiff's attorney's law clerk brought it to the judge's courtroom.[1] At the hearing, plaintiff's attorney stated that he, too, recalled that the dismissal was to be without prejudice. Plaintiff's attorney also remembered that defendants' attorney stated that he would save plaintiff the service of summons fee by accepting service by mail on behalf of his clients. Defendants' motion to quash the amended order of dismissal was denied.

With the exception of the relief provided under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), a court generally does not have jurisdiction to modify its own final order or judgment after the expiration of 30 days from the entry of the order or judgment. (*Harbeck v. Holland* (1980), 81 Ill. App. 3d 250, 253, 401 N.E.2d 9, 11; *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 697, 367 N.E.2d 1004, 1006-07; see *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294, 296.) However, a court may enter a proper *nunc pro tunc* order even after the expiration of the 30 days. *Freeman v. White Way Sign & Maintenance Co.* (1980), 82 Ill. App. 3d 884, 892, 403 N.E.2d 495, 501; *Harbeck*, 81 Ill. App. 3d 250, 253, 401 N.E.2d 9, 11; *Spears*, 52 Ill. App. 3d 695, 697-98, 367 N.E.2d 1004, 1007.

Here, the parties argue regarding whether the order amending the original order of dismissal is a valid *nunc pro tunc* order. However, the order fails to indicate that it was entered *nunc pro tunc*. Since this case does not involve a *nunc pro tunc* order or section 72 relief, the trial court was without jurisdiction to amend the order of dismissal.

Moreover, the purpose of a *nunc pro tunc* order is to correct a prior order which incorrectly reflects the trial court's ruling. (*Trosper v. Trosper* (1980), 82 Ill. App. 3d 1012, 1014, 403 N.E.2d 692, 693; *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 809, 263 N.E.2d 708, 710.) It may not be used to supply omitted judicial action, correct judicial errors or correct prior orders. (*Trosper*, 82 Ill. App. 3d 1012, 1014, 403 N.E.2d 692, 693; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1056, 399 N.E.2d 216, 220.) The amendment of an order *nunc pro tunc* may not be based solely on the memory of the judge or other persons. It must be based on some memorandum or note in the files or records of the court. *Fox v. Department of Revenue* (1966), 34 Ill. 2d

---

[1] We note that defendants' counsel was not notified regarding the entry of the amended order. Notice should have been given. See *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 360, 215 N.E.2d 271, 272; *Brody v. Hess* (1979), 75 Ill. App. 3d 402, 403, 394 N.E.2d 570, 571.

358, 360, 215 N.E.2d 271, 272; *Kooyenga*, 79 Ill. App. 3d 1051, 1056, 399 N.E.2d 216, 220; *Spears*, 52 Ill. App. 3d 695, 698, 367 N.E.2d 1004, 1007.

In the present case, the amended order is not based on any note or memorandum in the court's files or records. Except for the recollection of the judge and the plaintiff's attorney, nothing in the record indicates that the original dismissal was without prejudice to plaintiff filing a new complaint under different theories. Since a *nunc pro tunc* order cannot be entered solely on the reliance of memories, there was an insufficient basis for entry of a *nunc pro tunc* order here. Consequently, the trial court did not have jurisdiction to amend the order.

Accordingly, the amended order is stricken as being entered without jurisdiction.

Reversed.

McNAMARA and McGILLICUDDY, JJ., concur.