FRANK GAGLIANO *et al.*, Plaintiffs-Appellees, v. 714 SHERIDAN VEN-TURE *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 85—2516

Opinion filed May 27, 1986.

Alan O. Amos & Associates, P.C., of Chicago, for appellants.

Mary K. Butler, of Hopkins & Sutter, of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Defendants appeal from an order entered *nunc pro tunc* amending a summary judgment, presenting as issues whether: the circuit court erred in so amending the summary judgment order; and the circuit court erred in denying defendants' petition for post-judgment relief. Ill. Rev. Stat. 1983, ch. 110, par. 2–1401.

In June of 1980, plaintiffs, Frank Gagliano and Robert Rees, owned an apartment building at 714 W. Sheridan in Chicago, which they sold to defendants Wilfred Warnstedt, Harold Lichterman, Frederick Bishop, and Allan Bachewicz, who comprised defendant general partnership, 714 Sheridan Venture. Defendants intended to convert the building into six condominiums, the 'Vermillion Condominiums." Defendants borrowed $55,000 from both Gagliano and Rees on separate $55,000 notes to each. The terms of the notes provided that they were to be paid as the units were sold. Two units were presold and $13,750 (one-fourth of the principal) would become due with accrued interest as each of the four remaining were sold. Alternatively, according to its terms, each note would come entirely due no later than July 1, 1983.

After learning of the subsequent sale of one unit, plaintiffs demanded their partial payment, defendants refused and plaintiffs filed a complaint for that breach and for anticipatory repudiation of both notes. An appearance was filed by an attorney on behalf of all defendants, together with a motion to strike the complaint. On October 31, 1983, plaintiffs filed a verified amended complaint, upon stipulation of the parties and by leave of court, indicating that the term of each note had passed and the entire amount was due. By agreed order, defendants thereafter were given until November 4, 1983, to answer and were given leave to withdraw the motion to strike. Defendants never filed an answer; nor did they seek any additional extensions of time within which to do so.

On January 18, 1984, plaintiffs filed a motion for summary judgment supported by affidavits of both plaintiffs claiming payments due on the notes and attaching the notes as exhibits. Notices of the motion and copies thereof were served upon defendants, advising them of the intended presentation of the motion on February 1, 1984. Defendants did not respond to the motion; filed no countervailing affidavits (87 Ill. 2d R. 191(a)); and sought no extensions of time within which to answer or procure material facts for affidavits which would demonstrate the existence of material issues of fact which would foreclose the granting of summary judgment (87 Ill. 2d R. 191(b)). Instead, defendants merely appeared at the hearing on February 1, 1984, and requested additional

time. After hearing the motion, Judge Brian Duff denied their request and granted summary judgment "in favor of Plaintiffs Gagliano and Rees and against all defendants jointly and severally, in an amount of $70,400.00 for both Gagliano and Rees, individually."

Defendants filed a post-judgment motion contending that they were unaware that the summary judgment motion would actually be heard on February 1, 1984. The motion was denied. Nevertheless, defendants not only did not appeal the summary judgment, but thereafter tendered payment of $70,400 to plaintiffs jointly as satisfaction of the judgment. Plaintiffs refused the proferred payment, demanding $70,400 for each of them.

After garnishment proceedings against Aetna Bank, seeking to reach the accounts of defendant Wilfred Warnstedt, resulted negatively, plaintiffs, by motion, sought to amend *nunc pro tunc* by clarification the summary judgment order as to the amount due each plaintiff. Defendants sought to reopen the summary judgment under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). On August 5, 1985, Judge Thomas J. O'Brien granted plaintiffs' motion to amend the summary judgment *nunc pro tunc* so as to more explicitly state that Gagliano and Rees each received an individual judgment of $70,400. Judge O'Brien also denied defendants' 2—1401 petition. Defendants appeal.

I

Defendants initially contend that the circuit court erred in amending the original summary judgment order *nunc pro tunc* when there was nothing in the record to support such amendment.

■ *Nunc pro tunc* literally means "now for then." (*In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 955, 482 N.E.2d 625, citing Black's Law Dictionary 964 (5th ed. 1979).) A circuit court's *nunc pro tunc* order, as in the case *sub judice*, is an entry made on a judgment previously rendered in order to make the record "speak now for what was actually done then." (*In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1055, 399 N.E.2d 216.) The purpose of the *nunc pro tunc* order is merely to correct the record of the judgment, not to alter the actual judgment of the court. (*Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 809, 263 N.E.2d 708.) The court's authority rests upon its right and duty to do entire justice and also upon control of its own records and its authority to make them speak the truth. *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 954, 482 N.E.2d 625; *Kooyenga v. Hertz Equipment Rentals, Inc.*

(1979), 79 Ill. App. 3d 1051, 1056, 399 N.E.2d 216.

A court has authority to enter a *nunc pro tunc* order at any time to correct a written record of a judgment so that it conforms with the judgment in fact rendered by the court. (*In re Estate of Young* (1953), 414 Ill. 525, 534, 112 N.E.2d 113; *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625; *Bradley v. Burrell* (1981), 97 Ill. App. 3d 979, 981, 424 N.E.2d 15; *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 263 N.E.2d 708.) A *nunc pro tunc* order, however, may not be used to supply omitted judicial action, to correct judicial errors or to cure jurisdictional defects. (*Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 399 N.E.2d 216.) Authority is limited to incorporating into the record something which was actually previously done by the court but omitted from the record due to a clerical, not a judicial, error. (*In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625; *In re Marriage of Gingras* (1980), 86 Ill. App. 3d 14, 16, 407 N.E.2d 788; *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 810, 263 N.E.2d 708.) The distinction between a clerical error and a judicial error does not depend upon the source of the error, but rather, upon whether the error was the deliberate result of judicial reasoning and determination as opposed to mere inadvertence. *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625; *In re Marriage of Gingras* (1980), 86 Ill. App. 3d 14, 17, 407 N.E.2d 788; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1058, 399 N.E.2d 916; *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 263 N.E.2d 708.)

■ An amendment sought by an order *nunc pro tunc* must be premised upon some note, memorandum or memorial remaining in the files or upon the records of the court. (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 360, 215 N.E.2d 271; *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625; *Bradley v. Burrell* (1981), 97 Ill. App. 3d 979, 424 N.E.2d 15; *In re Marriage of Gingras* (1980), 86 Ill. App. 3d 14, 16, 407 N.E.2d 788; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1056, 399 N.E.2d 916; *Dauderman v. Dauderman* (1970), 130 Ill. App. 3d 807, 263 N.E.2d 708.) Any item in the record, including transcripts, may provide a proper basis for the order. (*In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 955, 482 N.E.2d 625; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 399 N.E.2d 916.) The order, however, cannot rest merely on the recollection of the judge or other persons; nor can it be based upon subsequent affidavits or testimony. *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271; *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 954, 482 N.E.2d

645; *Bradley v. Burrell* (1981), 97 Ill. App. 3d 979, 424 N.E.2d 15; *In re Marriage of Gingras* (1980), 86 Ill. App. 3d 14, 407 N.E.2d 788; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 399 N.E.2d 916.

In the present action, the circuit court's order which originally granted summary judgment provides, in part:

"The Court hereby finds that there is no genuine issue of material fact with respect to the uncontroverted verified First Amended Complaint.

IT IS HEREBY ORDERED THAT:

(1) Plaintiffs' motion for summary judgment be and hereby is allowed;

(2) Judgment be and hereby is entered in favor of Plaintiffs Gagliano and Rees and against all defendants jointly and severally, in an amount of $70,400.00 *for both Gagliano and Rees, individually*; with statutory interest thereon from the date of this Order until paid." (Emphasis added.)

This order is clear on its face and, when taken in conjunction with the verified complaint, the motion for summary judgment, and the transcript of the summary judgment hearing, its meaning is unquestionable. The complaint, motion, and transcript are all tangible parts of the court record and were legitimately relied upon by the circuit court. *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271; *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625; *Bradley v. Burrell* (1981), 97 Ill. App. 3d 979, 424 N.E.2d 15; *In re Marriage of Gingras* (1980), 86 Ill. App. 3d 14, 407 N.E.2d 788; *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 399 N.E.2d 916; *Dauderman v. Dauderman* (1970), 130 Ill. App. 3d 807, 263 N.E.2d 708.

In granting summary judgment, Judge Duff merely stated: "Motion for summary judgment is allowed." That motion for summary judgment requested "an award of damages in an amount of $70,400.00 for each of them [Gagliano and Rees], individually, with interest thereon at the statutory rate from the date of judgment until satisfied." This is essentially the same statement as in the order granting summary judgment except for the substitution of "each" for "both." "Each" is the better choice, but "both" is not such a defective choice that it negates the effect of the judgment. An order should be interpreted in its entirety, having reference to other parts of the record, including the pleadings and motions from which the order emanates. (See *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 789, 424 N.E.2d 911, *appeal denied* (1981), 85 Ill. 2d 577.) Therefore, the

order amending the judgment *nunc pro tunc* must be affirmed.

## II

■ Additionally, defendants contend that the circuit court erred in denying their petition for post-judgment relief under section 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401.) Section 2—1401 relief essentially requires the existence of a meritorious defense and the exercise of due diligence in raising that defense. (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 189, 476 N.E.2d 1284; *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 855, 462 N.E.2d 629; *Halas v. Executor of Estate of Halas* (1983), 112 Ill. App. 3d 940, 948, 445 N.E.2d 1264.) In this case, defendants admittedly declined to appeal from the original judgment and only filed their section 2—1401 petition when plaintiffs sought clarification of the judgment. Defendants apparently believed it "fair and equitable *** that *** [they] owed the plaintiffs a sum of approximately $70,400.00"; however, when confronted with a judgment for $140,800, they decided to contest the decision since, when originally confronted with a complaint, and then an amended complaint, seeking $110,000, plus interest, defendants found it unnecessary to answer. There is no indication that defendants have exercised any diligence in this action.

■ As to their meritorious defense, defendants assert that plaintiffs' premature filing of their complaint prevented the sale of the remaining units. Defendants also contend that no payments were due until all of the units were sold or on July 1, 1983, whichever occurred first. The notes, however, specifically provide:

> "Within five days after the closing of the *sale of each* of Units 2E, 2W, 3E, and 3W at the Vermillion Condominium, Maker shall pay Holder all accrued and unpaid interest on this Note together with a principal prepayment in the amount of $13,750.00 [one quarter of the principal]." (Emphasis added.)

The clarity of this provision, coupled with the amended complaint having been filed after the notes' alternative due date of July 1, 1983, deny any merit to this defense.

The circuit court's order of August 5, 1985, denying defendants' section 2—1401 relief and granting plaintiffs' motion to amend the summary judgment *nunc pro tunc* must be affirmed.

Affirmed.

BILANDIC, P.J., and SCARIANO, J., concur.