THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DALE E. DENNY, Defendant-Appellant.

Fourth District   No. 4—92—0026

Opinion filed December 10, 1992.

---

Michael J. Costello, of Costello Law Office, of Springfield, for appellant.

John Turner, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

After a December 1991 jury trial, defendant, Dale Denny, was convicted of violation of bail bond under section 32—10 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 32—10). The trial court later sentenced defendant to 10 years in prison. Defendant appeals, arguing that the State failed to prove an element of the offense.

We agree and reverse.

I. BACKGROUND

In June 1990, in Logan county case No. 90—CF—53, the State charged defendant with aggravated criminal sexual assault and home invasion (Ill. Rev. Stat. 1989, ch. 38, pars. 12—14, 12—11). In July 1990, defendant posted 10% of his $50,000 bail and was released from jail. In October 1990, a jury found defendant guilty of both offenses, and the trial court scheduled the sentencing hearing for December 7, 1990. Defendant failed to appear at that hearing, but the court sentenced him *in absentia* to 12 years in prison for home invasion and 8 years in prison for aggravated criminal sexual assault, with those sentences to run consecutively.

At the conclusion of the December 7 hearing, the trial judge, Judge David L. Coogan, stated the following:

"[D]efendant has violated the terms and conditions of his bond in that he has not appeared back for sentencing. That

bond would have to be *revoked,* and there is a warrant out for [defendant's] arrest." (Emphasis added.)

Judge Coogan also made the following docket entry regarding the December 7 hearing: "[D]efendant having violated the condition of his bond[,] the bond is hereby *revoked.*" (Emphasis added.)

In July 1991, defendant was apprehended in Mexico and ultimately transferred back to Logan County, Illinois. On September 27, 1991, defendant was charged with violation of bail bond (Ill. Rev. Stat. 1989, ch. 38, par. 32—10). On November 27, 1991, prior to defendant's jury trial on this charge, the trial court, with another judge presiding, held a hearing on pretrial motions. Over defendant's objections, the trial court heard testimony from Judge Coogan on his intent on December 7, 1990, when he declared defendant's bail revoked and when he made the docket entry for that day. The trial court then allowed Judge Coogan to amend his December 7, 1990, record entry *nunc pro tunc.* Thus, on November 27, 1991, Judge Coogan entered the following amended docket entry in Logan County case No. 90—CF—53: "The court does hereby find that defendant's bond was *forfeited* by the action of the court on 12/7/90." (Emphasis added.)

At defendant's trial on December 2, 1991, the trial court judicially noticed Judge Coogan's *nunc pro tunc* docket entry and informed the jury that defendant had forfeited his bond on December 7, 1990. The jury subsequently found defendant guilty of violation of bail bond.

## II. ANALYSIS

On appeal, defendant argues that the language of the December 7, 1990, docket entry—noting that defendant's bond "would have to be revoked"—is clear and unambiguous. Further, defendant argues that "revoking" a bond is different than "forfeiting" it, and that the trial court cannot change its record showing that no forfeiture occurred months after its entry. Therefore, because Judge Coogan never specifically "forfeited" defendant's bond, defendant contends that he cannot be found guilty of a violation of bail bond. We agree.

■ Section 32—10 of the Code states, in pertinent part, the following:

> "*Whoever,* having been admitted to bail for appearance before any court of this State, *incurs a forfeiture* of the bail *and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits,* if the bail was given in connection with a charge of felony or pending appeal

or certiorari after conviction of any offense, *a felony* of the next lower Class or a Class A misdemeanor if the underlying offense was a Class 4 felony; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, commits a misdemeanor of the next lower Class, but not less than a Class C misdemeanor." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 32—10.

As the above statute makes clear, violation of bail bond occurs after (1) a defendant has posted bail bond; (2) the trial court orders the bail bond forfeited; (3) defendant fails to surrender within 30 days after the forfeiture; and (4) defendant's failure to surrender was wilful. (See *People v. Lynn* (1980), 89 Ill. App. 3d 712, 714, 412 N.E.2d 15, 17.) Because Judge Coogan did not originally forfeit defendant's bond at the December 7, 1990, hearing, the State's case fails unless the law permits Judge Coogan to amend his December 7 order *nunc pro tunc*. We hold it does not.

■ A *nunc pro tunc* order makes the record "speak now for what was actually done then." (*Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 856, 494 N.E.2d 1182, 1184.) Such orders may be used to correct clerical errors, not judicial oversights. (*Beck v. Stepp* (1991), 144 Ill. 2d 232, 238, 579 N.E.2d 824, 827.) In *Beck*, the Illinois Supreme Court wrote the following about *nunc pro tunc* orders:

> "The purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the court. A *nunc pro tunc* order may not be used to supply omitted judicial action, to correct judicial errors under the pretense of correcting clerical errors, or to cure a jurisdictional defect. [Citation.] Judgments may be modified *nunc pro tunc* only when the correcting order is based upon evidence such as a 'note, memorandum or memorial paper remaining in the files or upon the records of the court.' [Citation.] The evidence supporting a *nunc pro tunc* modification must clearly demonstrate that the order being modified fails to conform to the decree actually rendered by the court. [Citation.]
>
> * * *
>
> *Nunc pro tunc* orders must be based upon definite and precise evidence in the record. [Citation.] *The certainty of evidence must be assured without reliance upon the memory of the judge or any other person, and a nunc pro tunc order*

*cannot be based upon ex parte affidavits or testimony* (Emphasis added.) *Beck*, 144 Ill. 2d at 238-39, 579 N.E.2d at 827.

Our review of the record before us reveals no mention anywhere by anyone that defendant had forfeited his bail bond. During the December 7, 1990, sentencing hearing at which defendant did not appear, the State did not ask for a bond forfeiture nor did anyone discuss it. Prior to the *nunc pro tunc* order of November 27, 1991, the record is completely devoid of the word "forfeit" or any suggestion of a forfeiture of defendant's bond.

■ The State argues that Judge Coogan's true intent when he ordered defendant's bond revoked was to declare a forfeiture of the bond. The State may be correct in so arguing, but Judge Coogan's true intent does not matter. Neither a judge's recollection nor his subsequent testimony can provide the basis of a *nunc pro tunc* order. (*Gagliano*, 144 Ill. App. 3d at 857-58, 494 N.E.2d at 1185; *Beck*, 144 Ill. 2d at 239, 579 N.E.2d at 827; *People v. Tackett* (1985), 130 Ill. App. 3d 347, 352-53, 474 N.E.2d 451, 454-55, citing *People v. Stiger* (1979), 69 Ill. App. 3d 188, 387 N.E.2d 55; see also *Frank v. Village of Barrington Hills* (1982), 106 Ill. App. 3d 747, 436 N.E.2d 276 (any basis for change made to the record must come from minutes, notes, or other documents; the amendment cannot rest upon the recollection of the judge); *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457 (correction or amendment of the record should not rely solely on the judge's "clear memory").) Similarly, we hold that a trial judge's "true intent" cannot serve as the basis for a *nunc pro tunc* order. Instead, the *record* must clearly contain evidence of the judge's intent, such as some reference during the hearing on the matter to forfeit defendant's bond. Under those circumstances, an amendment to an otherwise silent docket entry regarding a bond forfeiture might be appropriate to make the docket entry reflect the judge's actual remarks.

The State also argues that because section 110—7(g) of the Code of Criminal Procedure of 1963 (Procedural Code) (Ill. Rev. Stat. 1989, ch. 38, par. 110—7(g)) *requires* the trial court to forfeit a defendant's bail when he does not comply with conditions of his bail bond, the trial court here *must* have intended to comply with this statute by ordering a forfeiture of defendant's bond, not merely a revocation. We disagree. First, even though the statute requires the court to forfeit defendant's bail, the short answer to the State's argument is that here the court did not do so. Second, section 110—7(g) of the Procedural Code is not self-executing; it re-

quires the court to take certain action and does not deem that action automatically taken.

In conclusion, we emphasize that all participants in sentencing proceedings must concern themselves with the details of those proceedings to the same extent as they must during all prior proceedings in a criminal case. (See *People v. Sims* (1992), 233 Ill. App. 3d 471, 475, 599 N.E.2d 137, 140 (Knecht, J., specially concurring) ("some prosecutors and defense counsel pay too little attention to sentencing hearings and the consequences of those proceedings").) Had the participants here given the serious underlying case (aggravated criminal sexual assault and home invasion) the attention it was due at the sentencing hearing, we would not need to reverse this conviction for technical reasons having nothing to do with any real procedural protections afforded to defendants in criminal cases. We also note that because the prosecutor in this case failed to seek the forfeiture of defendant's $5,000 cash bond, he thereby ignored a sum that could have been obtained to help reduce the burden on the taxpayers of Logan County of supporting the local criminal justice system. In order to obtain defendant's cash bond, the prosecutor would of necessity have complied with section 32—10 of the Code—which requires such a forfeiture as a necessary condition in order to bring a bond jumping charge—thereby avoiding any procedural problems in prosecuting defendant for jumping bond once he was apprehended.

### III. Conclusion

For the reasons stated, we reverse the judgment of the circuit court.

Reversed.

KNECHT and GREEN, JJ., concur.