PAUL T. PAGANO, Plaintiff-Appellant, v. RAND MATERIALS HANDLING EQUIPMENT COMPANY, INC., Defendant-Appellee.

First District (4th Division)   No. 1—92—1803

Opinion filed March 31, 1993.

Susan E. Loggans, of Chicago, for appellant.

Bullaro, Carton & Stone, of Chicago (John J. Bullaro, Jr., and Robert P. Vogt, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiff, Paul T. Pagano, appeals from two orders which were subsequently made appealable under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The first order, entered June 22, 1990, imposed sanctions against plaintiff's attorney pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The second order, entered July 19, 1991, amended the previous one *nunc pro tunc* and identified plaintiff's attorney by the firm's name. Plaintiff raises three arguments on appeal: (1) the trial court improperly amended its June 22, 1990, order *nunc pro tunc*; (2) the July 19, 1991, order is void on its face because it named the law firm representing plaintiff as the party sanctioned in the June 22, 1990, order; and (3) the court abused its discretion in imposing

sanctions in the first instance. For the following reasons, we dismiss the appeal for lack of jurisdiction.

On December 23, 1987, plaintiff filed suit to recover damages for personal injuries he suffered while using a barrel drum truck, which is also referred to as a dollie or a barrel lift truck. Plaintiff amended his complaint to name Rand Materials Handling Equipment Company, Inc. (Rand), as an additional defendant alleging that Rand "designed, manufactured and sold" the barrel drum truck. Subsequently, the plaintiff filed a second-amended complaint alleging that Rand manufactured dollies for public use. In his third-amended complaint, plaintiff alleged that Rand "was in the business of designing or selling dollies."

On May 16, 1989, plaintiff voluntarily dismissed Rand as a defendant, and within 30 days, Rand filed a motion for sanctions pursuant to section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) On October 24, 1989, the trial court granted Rand's section 2—611 motion and entered an order finding that "there was never a scrap of proof that the barrel lift truck actually came from Rand." The matter was continued for an evidentiary hearing to determine the amount of reasonable attorney fees and costs incurred by Rand. An evidentiary hearing was held on June 22, 1990. The trial court entered an order denying plaintiff's motion to reconsider the order of October 24, 1989, and assessed a monetary sanction in favor of Rand against the "attorneys for plaintiff." On October 10, 1990, the court entered an order under Rule 304(a) expressly finding that there was no just reason to delay enforcement or appeal of the October 24, 1989, and June 22, 1990, orders. Plaintiff did not appeal within 30 days of the October 10, 1990, order.

When the sanction was not paid, Rand sought to enforce the orders of the trial court. On July 19, 1991, pursuant to Rand's motion, the court entered an order amending its June 22, 1990, order *nunc pro tunc* by identifying "Susan E. Loggans & Associates" as the attorneys for plaintiff. The order also required that the sanction be paid within 15 days and continued Rand's motion for a rule to show cause and for additional fees. Plaintiff's motion to vacate the July 19, 1991, order was denied on July 31, 1991.

On April 30, 1992, the trial court entered an order making its orders of July 19, 1991, and July 31, 1991, final and appealable under Rule 304(a). This appeal followed.

OPINION

The first issue before this court is whether the trial court exceeded its authority to issue *nunc pro tunc* orders when it amended the June 22, 1990, order to identify Susan E. Loggans & Associates as the attorneys for plaintiff.

■■ *Nunc pro tunc* orders retroactively amend orders previously entered by the court. As the Illinois Supreme Court stated in *Beck v. Stepp* (1991), 144 Ill. 2d 232, 238, 579 N.E.2d 824, 827:

> "The purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the court. A *nunc pro tunc* order may not be used to supply omitted judicial action, to correct judicial errors under the pretense of correcting clerical errors, or to cure a jurisdictional defect. (*Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1056.) Judgments may be modified *nunc pro tunc* only when the correcting order is based upon evidence such as a 'note, memorandum or memorial paper remaining in the files or upon the records of the court.' (*Fox*, 34 Ill. 2d at 360.) The evidence supporting a *nunc pro tunc* modification must clearly demonstrate that the order being modified fails to conform to the decree actually rendered by the court. *Young*, 414 Ill. at 534."

An examination of the trial court's order of July 19, 1991, reveals that, by its very terms, it serves three separate and distinct purposes. First, it amends the June 22, 1990, order *nunc pro tunc* to substitute the phrase "that attorneys for plaintiff, Susan E. Loggans & Associates, shall pay to the defendant" for the phrase "that attorneys for plaintiff shall pay to the defendant." All other portions of the June 22, 1990, order are restated exactly. Second, it orders the payment of the sanction within 15 days. And third, it continues Rand's pending motion for a rule to show cause and for additional fees generally. The only portion of the July 19, 1991, order that was entered *nunc pro tunc* was that portion which included the name of Susan E. Loggans & Associates in the June 22, 1990, order as the party who was required to pay the sanction. The remaining relief granted in the order of July 19, 1991, was in the nature of an order enforcing the court's previous orders and continuing pending motions, which did not alter or attempt to alter the June 22, 1990, order.

A *nunc pro tunc* amendment to an order may only incorporate that which was actually done by the court, but which was omitted due to a clerical error. (*Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 494 N.E.2d 1182.) Additionally, the amendment must be based upon some note, memorandum, or memorial remaining in the

files or records of the court. *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271.

■ In this case, the June 22, 1990, order directed the "attorneys for plaintiff" to pay the sanction. Up to that point in time, every complaint filed on plaintiff's behalf began with an introductory paragraph which provided in part: "[p]laintiff, Paul T. Pagano, by his attorneys, Susan E. Loggans & Associates." The supplemental brief opposing Rand's motion for fees, which resulted in the sanction order of June 22, 1990, began with the introductory phrase: "Now comes the plaintiff, Paul T. Pagano, by and through his attorneys, Susan E. Loggans & Associates." From an examination of the pleadings filed in this case prior to the June 22, 1990, order, it is apparent that the only person or entity that was ever named as "attorneys for plaintiff" was Susan E. Loggans & Associates. There is no doubt from the record that when the trial court entered the June 22, 1990, order, requiring the "attorneys for plaintiff" to pay a money sanction, it was, in fact, entering the order against Susan E. Loggans & Associates. This conclusion is not only supported by reference to the pleadings in this case but also by the fact that no person or entity other than Susan E. Loggans & Associates ever appeared in this case as plaintiff's attorneys.

The amendatory portion of the order of July 19, 1991, did not alter the order of June 22, 1990, and it did not supply any omitted judicial action; it merely substituted a specific phrase for a descriptive phrase with exactly the same meaning. As a result, we find that the *nunc pro tunc* portion of the July 19, 1991, order was the proper subject of a *nunc pro tunc* amendment and, as such, related back to the June 22, 1990, order.

Next, plaintiff argues that because section 2—611 (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) only authorizes sanctions on the attorney who actually signed the offensive pleading and not against the law firm on whose behalf it was signed (*Monco v. Janus* (1991), 222 Ill. App. 3d 280, 583 N.E.2d 575), the July 19, 1991, order, naming Susan E. Loggans & Associates as the sanctioned party, is void on its face.

■ Where a court has jurisdiction over the parties and the subject matter of a cause, its orders, although erroneous, cannot be attacked collaterally but can only be set aside by a direct attack brought for that purpose. (*Oakman v. Small* (1918), 282 Ill. 360, 118 N.E. 775.) If, however, a court acts when it lacks jurisdiction, its orders are utterly void and without any effect and may be attacked either directly or collaterally, by any means, in any forum, even for the first time on appeal. *Kenney v. Greer* (1851), 13 Ill. 432.

The issue thus becomes whether the trial court had jurisdiction over Susan E. Loggans & Associates when it entered its June 22, 1990, order. If the answer is in the negative, then the June 22, 1990, order, as amended by the July 19, 1991, order, would be void and subject to collateral attack. If, on the other hand, the answer is in the affirmative, then the issue of the propriety of the June 22, 1990, order, as amended *nunc pro tunc* by the July 19, 1991, order, is not properly before this court because no appeal was taken from the June 22, 1990, order within the 30-day period after that order was made final and appealable by the order of October 10, 1990.

To be sure, compelling authority exists to suggest that sanctions under section 2—611 may be levied only against an attorney who signed an offending pleading and not against the law firm on whose behalf the pleading was signed. (See *Monco v. Janus,* 222 Ill. App. 3d 280, citing with authority *Pavelic & LeFlore v. Marvel Entertainment Group* (1989), 493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456.) That begs the question, however, as to whether the entry of the sanction pursuant to section 2—611 as against a law firm is a void order or merely an erroneous one.

There is no question that a trial court has subject matter jurisdiction over a proceeding under section 2—611; the question here is whether the court had jurisdiction over the sanctioned party. As was stated in *Roadway Express, Inc. v. Piper* (1980), 447 U.S. 752, 766, 65 L. Ed. 2d 488, 501, 100 S. Ct. 2455, 2464, "[t]he power of a court over members of its bar is at least as great as its authority over litigants."

■ In this case, Ms. Loggans, doing business as a sole proprietor under the name of Susan E. Loggans & Associates, appeared on plaintiff's behalf, filed pleadings, and undertook to represent plaintiff in all respects. The trial court had no less jurisdiction over her than it had over the litigants themselves. This jurisdiction is derived from the inherent power of a court over all those who appear before it. That being the case, it follows that the trial court's order entered June 22, 1990, as amended *nunc pro tunc* by its order of July 19, 1991, is not void as plaintiff argues.

■ Plaintiff's arguments as to the sanctioning of a law firm under section 2—611, and the exercise of the trial court's discretion in entering a sanction in the first instance, address the propriety of the trial court's actions but not the court's power, from a jurisdictional standpoint, to enter its orders.

The time for plaintiff to have challenged the propriety of the October 24, 1989, and June 22, 1990, orders was within 30 days of Octo-

ber 10, 1990, when both orders were made appealable under Rule 304(a). Having failed to file a timely appeal, plaintiff cannot now raise those issues under the guise of a challenge to the *nunc pro tunc* amendment to the June 22, 1990, order.

The fact that the trial court entered a subsequent Rule 304(a) finding on April 30, 1992, making its orders of July 19, 1991, and July 31, 1991, final and appealable is of no moment. Rule 304(a) applies only to final judgments or orders. Neither the July 19, 1991, order, amending *nunc pro tunc* the June 22, 1990, order, nor the July 31, 1991, order, which denied plaintiff's motion to reconsider the July 19, 1991, order, was a final order within the meaning of Rule 304(a). While findings under Rule 304(a) will make a final order appealable, they have no effect on an order that is not final. *Kellerman v. Crowe* (1987), 119 Ill. 2d 111, 518 N.E.2d 116.

For these reasons, plaintiff's appeal is dismissed.

Appeal dismissed.

JIGANTI, P.J., and JOHNSON, J., concur.