**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210269-U

Order filed November 15, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Marshall County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0269 Circuit No. 98-CF-32 |
| BRET A. SHERWOOD, | ) ) ) | Honorable James A. Mack, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court had jurisdiction to correct the defendant's sentencing order to include an express finding of great bodily harm where the court's findings at sentencing rendered the act ministerial.

¶ 2     The defendant, Bret A. Sherwood, appeals the order granting the State's motion to correct the mittimus. The defendant argues the Marshall County circuit court lacked jurisdiction to amend the sentencing order 22 years after it was entered, and the amendment was not a correction but a substantial change which improperly increased his sentence.

¶ 3                                    I. BACKGROUND

¶ 4         On September 2, 1998, the defendant was indicted on four counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 1998)) and one count of home invasion (*id.* § 12-11(a)(2)). On March 17, 1999, the defendant entered a partially negotiated plea wherein he pled guilty to one count of home invasion and two counts of aggravated criminal sexual assault in exchange for an aggregate sentencing cap of 30 years' imprisonment.

¶ 5         At the sentencing hearing on May 25, 1999, the victim, in a written statement, indicated that the defendant had struck her repeatedly with a baseball bat, tied her up with extension cords, and sexually assaulted her anally and vaginally. The defendant placed a pillowcase over the victim's head and tied a belt around her neck and choked her. The victim could not see or breathe. She lost consciousness for a time. Police Chief Paul Kelly of the Wenona Police Department testified that he observed the victim with broken blood vessels in her eyes, a bruised and swollen face, and a cracked and swollen lip. The presentence investigation report (PSI) conveyed that the victim suffered pulled tendons in her right arm and lost the use of that arm for approximately three weeks. Her eyes were bruised and swollen, with the right eye swollen completely shut. The victim had blood clots in both eyes, a broken tooth, and bruises on her legs, back, arms, face, and rectal area. She also suffered from blurred vision and tooth pain after the incident.

¶ 6         After reviewing the defendant's PSI, and considering the live testimony and victim impact statement, the court sentenced the defendant to three consecutive terms of 10 years' imprisonment. The court stated that it specifically considered the victim impact statement, "the nature of this horrible offense," and "the physical harm that it has caused to the victim." The court found that the truth-in-sentencing statute applied to the case and "entitled [the defendant] to

2

no more than four and one half days of good conduct credit for each month of your sentence of imprisonment. Therefore, you will serve at least 85 percent of your sentence." The court estimated that the defendant would serve 25 years and 6 months in prison on the aggregate 30-year sentence. The written sentencing order detailed the terms of the sentence as stated by the court and made no great bodily harm finding nor did it apply the truth-in-sentencing provisions. No postplea motions were filed.

¶ 7        Initially, the Department of Corrections (DOC) calculated the defendant's release date as if he were serving 50% of his home invasion sentence. In September 2020, the defendant sent letters to the circuit clerk indicating that the DOC had recalculated his release date at 85% based on information provided to them by the circuit clerk. On February 3, 2021, the DOC sent a request for clarification to the State's Attorney's office, asking whether the court made a great bodily harm finding since no such indication had been made on the written sentencing order. The State sent the DOC transcripts from the sentencing hearing to which the DOC replied that they could not calculate the defendant's home invasion sentence at 85% without an amended order indicating a finding of great bodily harm.

¶ 8        On February 11, 2021, the court issued an amended sentencing order with a finding that "the conduct leading to conviction for the offenses enumerated in counts III, IV, and V resulted in great bodily harm to the victim" entered *nunc pro tunc* from May 25, 1999. Thereafter, the State filed a motion to correct the mittimus. On May 25, 2021, the court issued a written order granting the State's motion. The court indicated that it reviewed the transcript of the sentencing hearing. It noted that the parties agreed that the truth-in-sentencing statute was applicable to all three of the defendant's convictions. The State argued that the defendant's conduct "caused both physical and emotional harm to the extent of a tragedy." The evidence presented was sufficient

to establish great bodily harm. The sentencing court made clear that it found that truth-in-sentencing applied to all three counts with his oral pronouncement. The court found the correction of the sentencing order was a ministerial act which did not change the original sentence. The defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10        The defendant contends that the court lacked jurisdiction to amend the sentencing order 22 years after it was entered, and that the amendment constituted a substantial change that impermissibly increased his sentence. We review *de novo* the issue of whether a sentencing order should be amended. *People v. Lewis*, 2012 IL App (1st) 102089, ¶ 23.

¶ 11        A circuit court's jurisdiction "to reconsider and modify their judgments is not indefinite. Normally, the authority of a trial court to alter a sentence terminates after 30 days." *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). However, the court retains jurisdiction to correct certain, enumerated sentencing errors at any time following the judgment, including "[c]lerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court." Ill. S. Ct. R. 472(a)(4) (eff. May 17, 2019).

> " 'Clerical errors or matters of form are those errors, mistakes or omissions which are not the result of the judicial function. Mistakes of the court are not necessarily judicial errors. The distinction between a clerical error and a judicial one does not depend so much upon the source of the error as upon whether it was the deliberate result of judicial reasoning and determination.' " *Harbeck v. Holland*, 81 Ill. App. 3d 250, 253 (1980) (quoting *Dauderman v. Dauderman*, 130 Ill. App. 2d 807, 810 (1970)).

Thus, the court had jurisdiction to correct the defendant's sentencing order provided that the correction accurately reflected the sentence originally imposed.

¶ 12 In 2021, the court issued an amended sentencing order to include an express finding of great bodily harm, *nunc pro tunc*. "An amendment sought by an order *nunc pro tunc* must be premised upon some note, memorandum or memorial remaining in the files or upon the records of the court. [Citations.] Any item in the record, including transcripts, may provide a proper basis for the order." *Gagliano v. 714 Sheridan Venture*, 144 Ill. App. 3d 854, 857 (1986). In making its ruling, the court reviewed transcripts of the 1999 sentencing hearing. Those transcripts reflect that sufficient evidence was presented to support a finding of great bodily harm. See *People v. Cisneros*, 2013 IL App (3d) 110851, ¶¶ 20-21 (finding great bodily harm where the victim received several lacerations, one of which required two stitches); *People v. Matthews*, 126 Ill. App. 3d 710, 714-15 (1984) (finding great bodily harm where the victim was struck several times on the head and arms with a gun and baseball bat, and received a bruise on her head which did not require medical attention).

¶ 13 When a defendant is convicted of home invasion and the court finds that the conduct leading to that conviction resulted in great bodily harm to a victim, the defendant is ineligible to receive day-for-day credit and the DOC is allowed to give that prisoner "no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2)(iii) (West 1998). "Truth-in-sentencing" is the label given to this statutory change in good conduct credit. *People v. Salley*, 373 Ill. App. 3d 106, 109 (2007). In other words, following a great bodily harm finding, truth-in-sentencing requires a defendant serve 85% of his sentence.

¶ 14 While the sentencing court made no explicit finding of great bodily harm, it specifically considered the significant evidence of physical harm to the victim and expressly found that truth-

in-sentencing applied. The court also explained that the defendant would serve a minimum of 25 years and 6 months—approximately 85% of his 30-year sentence. Therefore, we conclude the court implicitly found that the conduct leading to the defendant's home invasion conviction resulted in great bodily harm to the victim. Accordingly, the reissued sentencing order with the *nunc pro tunc* finding of great bodily harm was merely a correction of the written sentencing order to expressly state the court's prior implicit finding of great bodily harm. Such a correction is a ministerial act which did not impermissibly increase the defendant's sentence.

¶ 15                                    III. CONCLUSION

¶ 16        The judgment of the circuit court of Marshall County is affirmed.

¶ 17        Affirmed.