Z.R.L. CORPORATION, d/b/a Greenbay Shipping Company, *et al.*, Plaintiffs-Appellees, v. GREAT CENTRAL INSURANCE COMPANY *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—89—0395

Opinion filed August 7, 1990.

Kenneth T. Garvey and Douglas A. Miller, both of Bresnahan & Garvey, of Chicago, for appellants.

Brydges, Riseborough, Morris, Franke & Miller, of Chicago (George E. Riseborough, Jack H. Krackenberger, and Thomas K. Gerling, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiffs (collectively, ZRL) were sued in Federal court for violations of the Federal civil rights statutes. During the pendency of the Federal lawsuit, ZRL sought a State court declaratory judgment that defendant insurers (collectively, Great Central) were obligated to defend the Federal action. After prevailing on a motion for summary judgment regarding the coverage issue, ZRL later obtained a *nunc pro tunc* order requiring that Great Central pay attorney fees incurred in prosecuting the declaratory judgment action. Great Central appeals the order relating to attorney fees. We reverse.

Prior to the commencement of this lawsuit, ZRL was sued in United States District Court under certain Federal civil rights laws for wrongfully ejecting several individuals from a restaurant it owned. Great Central, ZRL's insurer, refused several requests to defend the lawsuit, causing ZRL to file a declaratory judgment action in circuit court on August 12, 1985. The first count of ZRL's two-count complaint sought a declaration that the Federal action was within the coverage of the insurance policy and that Great Central was contractually bound to defend the lawsuit. The second count requested a ruling that Great Central's refusal to defend constituted an improper claims practice within the meaning of sections 154.5 and 154.6 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, pars. 766.5, 766.6). The parties filed cross-motions for summary judgment on the coverage issue, and on July 1, 1986, Judge George M. Marovich ruled in favor of ZRL. An appeal was taken pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), and this court affirmed in an opinion filed on June 16, 1987. See *Z.R.L. Corp. v. Great Central Insurance Co.* (1987), 156 Ill. App. 3d 856, 510 N.E.2d 102.

While the appeal of the order entered by Judge Marovich was still pending, the parties to the underlying Federal action reached a settlement. On September 8, 1987, after the resolution of the State court appeal, attorneys for ZRL sent two fee statements to Great Central requesting reimbursement for attorney fees expended in defending the Federal action and in prosecuting and appealing the State court declaratory judgment action. On November 11, 1987, Great Central paid the fees requested with respect to the Federal action, but refused to pay those related to the State court action.

On July 26, 1988, ZRL filed a motion for entry of a judgment or-

der *nunc pro tunc* holding that it was entitled to attorney fees incurred in the declaratory judgment action and the subsequent appeal. After legal memoranda were filed on the issue, oral argument was held before Judge Kenneth Gillis on October 4, 1988. Judge Gillis granted ZRL's motion, denied Great Central's subsequent motion for reconsideration, and ultimately awarded attorney fees in the amount of $31,501 after a prove up hearing. This appeal followed.

Great Central raises three issues on appeal. First, it argues that the trial judge erroneously concluded that the requirements necessary for the entry of a *nunc pro tunc* order had been met in this case. Second, assuming the requirements for such an order were satisfied, Great Central asserts that Judge Marovich's July 1, 1986, ruling was in error because attorney fees incurred in the prosecution of a declaratory judgment action are not recoverable. Third, the amount of attorney fees awarded is claimed to be unsupported by the evidence and thus an abuse of discretion. Since we agree that a *nunc pro tunc* order should not have been entered in the first instance, it is not necessary to address Great Central's alternative arguments, and we reverse.

■■ ■ The purpose of a *nunc pro tunc* order is " 'to supply some omission in the record of an order which was really made but omitted from the record.' " (*Gill v. Gill* (1973), 56 Ill. 2d 139, 142, 306 N.E.2d 281, 282, quoting *People v. Rosenwald* (1915), 266 Ill. 548, 554, 107 N.E. 854.) It does not alter the actual judgment of the court (*Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 263 N.E.2d 708); rather, it merely corrects inadvertent omissions from the judgment order and should not be entered if the omission is the result of either a deliberate decision by the judge or relates to an issue that was not presented to the judge (*First Bank v. Rezek* (1989), 179 Ill. App. 3d 956, 535 N.E.2d 20; *Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 494 N.E.2d 1182.) A *nunc pro tunc* order must be based on some note, memorandum or memorial in the record indicating the omission was an inadvertent clerical error. (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271; *Gagliano*, 144 Ill. App. 3d 854, 494 N.E.2d 1182.) Any document in the record may serve as evidence of the inadvertent nature of the omission, including hearing transcripts, but the evidence must be definite and certain. *Thiele v. Ortiz* (1988), 165 Ill. App. 3d 983, 520 N.E.2d 881; *Gagliano*, 144 Ill. App. 3d 854, 494 N.E.2d 1182.

■■ It is apparent that the pleadings and hearing transcript in this case do not present anything approaching definite and certain evidence of an inadvertent omission from Judge Marovich's order. On

the contrary, it appears from the record that the issue of attorney fees in connection with the declaratory judgment action was never considered by Judge Marovich. Count I of ZRL's second amended complaint for declaratory judgment, which was based on ZRL's breach of contract claim, contained the following prayer for relief:

> "WHEREFORE, the Plaintiffs respectfully request this Court to enter an Order declaring that the insurance policy was both in force and effect, and covered the suit being prosecuted in Federal Court by WILLIAM TERRY, TOM BANKS and AL-LAN MAY, under Federal District Court Number for the Northern District of Illinois, Eastern Division, 85 C 07351, for attorney fees, and for any other appropriate relief and that there exists a duty on the part of GREAT CENTRAL to defend said lawsuit and to pay any judgment entered in said lawsuit to the extent of the coverage afforded under said contract on behalf of ZRL, its agents and employees."

We reject ZRL's unsupported contention that this vague language establishes that the issue of attorney fees connected with the prosecution of the declaratory judgment action was necessarily decided by Judge Marovich when he granted ZRL's motion for summary judgment.

Count II of the complaint, alleging improper claims practices, specifically requested statutory attorney fees and costs of defense "in the underlying lawsuits in this declaratory action" pursuant to section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 767). The prayer for relief further stated:

> "WHEREFORE, the Plaintiff respectfully requests this Court to enter an Order declaring that the Defendant's continued refusal to provide insurance coverage and defense, constitutes improper claims practices, and award the Plaintiff damages consistent with said statute and any other relief the court deems just, plus reasonable attorney fees and costs."

However, count II is apparently still pending before the trial court, and both parties moved for summary judgment only with respect to count I; the Rule 304(a) order was also entered only with respect to that single count. Therefore, count II of the complaint is wholly irrelevant as an indication of the issues passed on by Judge Marovich.

We also find good reason to reject ZRL's argument that an award of attorney fees was contemplated by Judge Marovich in that the issue of attorney fees was not mentioned in either party's summary judgment motion or in any of their replies in opposition filed with the trial court. Similarly, an examination of the hearing transcript fails to

reveal any discussion whatsoever of this issue. Thus this case is clearly distinguishable from *Gagliano v. 714 Sheridan Venture* (1986), 144 Ill. App. 3d 854, 494 N.E.2d 1182, in which a *nunc pro tunc* order was upheld because the proper meaning of an ambiguity in the trial court's order was clearly discernible from the pleadings and the hearing transcript.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

DiVITO, P.J., and HARTMAN, J., concur.