2022 IL App (1st) 192091

SIXTH DIVISION
March 18, 2022

Nos. 1-19-2091, 1-20-0257, & 1-20-1191 (cons.)

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| OLD SECOND NATIONAL BANK, N.A., Successor by Merger to ABC Bank f/k/a Austin Bank of Chicago, | ) ) ) | |
| Plaintiff-Appellee and Appellant, | ) ) ) | Appeal from the Circuit Court of Cook County |
| v. | ) ) | |
| KENNETH KAROLEWICZ a/k/a Kenneth Karol; JANE F. KAROLEWICZ a/k/a Jane F. Karol; and Unknown Owners and Non-record Claimants, | ) ) ) ) ) | No. 16 CH 7557 The Honorable John J. Curry, Jr., |
| Defendants | ) ) ) | Judge, presiding. |
| (Kenneth Karolewicz a/k/a Kenneth Karol and Jane F. Karolewicz a/k/a Jane F. Karol, Defendants-Appellants and Appellees). | ) ) ) ) | |

_____

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Harris and Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1    These consolidated appeals involve a final judgment in a mortgage foreclosure action, and

implicate the rules regarding stays of enforcement, the circuit court's use of *nunc pro tunc* orders,

appellate jurisdiction, and issues of mootness.

¶ 2    Defendants, Kenneth and Jane Karol (the Karols) appeal from the circuit court of Cook

County's (1) entry of summary judgment in favor of plaintiff, Old Second National Bank, N.A.,

(2) judgment of foreclosure and sale, (3) order approving sale, and (4) denial of the Karols' post-confirmation of sale motion to vacate the judgment. Plaintiff filed two notices of appeal, one from the circuit court's order staying enforcement of the circuit court's judgment—entered more than 30 days after the circuit court denied the Karols' postjudgment motion to vacate—and one from the circuit court's denial of plaintiff's motion to reconsider the order staying enforcement of the judgment. During briefing, we consolidated the parties' appeals. For the reasons that follow, we dismiss the Karols' appeal as moot, and dismiss plaintiff's appeals for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4      In December 2015, plaintiff filed a verified complaint to foreclose a mortgage on the Karols' home for their failure to make payments on a $182,000 promissory note secured by the mortgage. Plaintiff alleged the Karols were in default "as of the December 9, 2015 payment," and alleged the total amount due on the note was $185,026.07. The Karols filed a *pro se* answer admitting some of the allegations and asserting in part they lacked sufficient knowledge to admit or deny the alleged default and amount due.

¶ 5      On June 12, 2017, plaintiff filed motions for summary judgment and for a judgment of foreclosure and sale. The motions were entered and continued numerous times. On June 19, 2018, Kenneth filed a *pro se* response[1] to the motion for summary judgment, which was essentially a motion to strike plaintiff's affidavit of amounts due and owing for failure to comply with Illinois Supreme Court Rules 191(a) (eff. Jan. 4, 2013) and 113 (eff. July 1, 2018). The gist of the response was that plaintiff only attached partial copies of the business records it relief on, and plaintiff did not attach a complete payment history to the affidavit. Kenneth did not attach any affidavits to his response.

_____

[1]While not germane to any issue on appeal, we note that Jane did not sign the response to the motion for summary judgment or file a separate response.

¶ 6 On July 13, 2018, plaintiff filed a reply in support of its motion for summary judgment and an amended affidavit of amounts due and owing with records attached reflecting a payment history from the loan's inception in June 2010 through June 2018. Plaintiff's reply explained that the initial affidavit of amounts due and owing only attached records reflecting the loan history after November 9, 2014, which was when the parties entered into a change-in-terms agreement modifying the note's interest rate. The reply also asserted that in May 2017, the Karols entered into a recapture agreement with the Illinois Housing Development Authority (IHDA), under which the Karols received $35,000 of interim mortgage assistance in the form of a forgivable loan. The reply contains the following statements:

> "The attached Amended Affidavit of Amounts Due and Owing establishes that the payment history prior to June 9, 2017 is irrelevant as all prior defaults were cured when the IHDA reinstated the loan. The payment history—from June 9, 2017 to the date of filing the current Motion for Summary Judgment on December 18, 2017—was attached to the supporting Affidavit of Amounts Due and Owing. The attached Amended Affidavit of Amounts Due and Owing shows that the defendants have made no payments to the plaintiff since the filing of the current Motion for Summary Judgment.
>
> The unrefuted and admitted evidence establishes that the default occurred as stated in the Complaint, that default has not been cured, the amount of the judgment and that Plaintiff is entitled to entry of a Judgment of Foreclosure and Sale which sets forth the respective redemption period and the terms of the sale in the event the loan is not redeemed."

The reply brief concludes: "The defendant's response brief creates no genuine issue of material fact. The defendants signed the mortgage and note and have not made adequate, consistent payments under the note since November 24, 2017. Therefore, summary judgment relief is proper."

¶ 7    The circuit court scheduled a hearing on the motion for July 27, 2018. On that date, the circuit court entered summary judgment in favor of plaintiff and against the Karols and a judgment of foreclosure and sale. The record does not contain any transcript of any hearing that took place on that date. On May 23, 2019, the property was sold at a judicial auction to First American Bank Trustee u/t/a dated January 4, 2019 (FAB). On June 18, 2019, the circuit court confirmed the judicial sale and awarded possession to FAB, which by statute was stayed for 30 days.

¶ 8    On July 11, 2019, the Karols, now represented by counsel, filed a motion to extend the order of possession, and on July 17, filed a postjudgment motion to vacate the circuit court's June 18, 2019, order approving sale. The Karols' motion to vacate asserted they reinstated the loan in June 2017 when plaintiff accepted funds from IHDA under the Illinois Hardest Hit Fund Program. Attached to the motion to vacate were affidavits from Kenneth and from Sean Washington, the operations director of the Northwest Side Housing Center, along with supporting documents. On July 26, 2019, the circuit court stayed possession of the property through September 13, 2019, and entered a briefing schedule on the Karols' motion to vacate. On August 14, 2019, the circuit court allowed FAB—the successful bidder at the judicial sale—to intervene. On September 13, 2019, after briefing and a hearing, the circuit court denied the Karols' motion to vacate and stayed the order of possession through October 13, 2019. The record on appeal does not contain a transcript of any proceedings on September 13, 2019.

4

¶ 9    The Karols filed a notice of appeal on October 10, 2019—docketed in this court as appeal No. 1-19-2091—identifying the circuit court's July 27, 2018, judgment of foreclosure, June 18, 2019, order confirming sale, and September 13, 2019, order denying the postjudgment motion to vacate.

¶ 10    On October 11, 2019, the Karols filed in the circuit court a motion to reconsider the September 13, 2019, denial of their motion to vacate. On October 17, 2019, the Karols filed a motion to extend the order of possession. On October 28, 2019, the Karols filed an emergency motion to extend the order of possession, and on October 30, 2019, filed a motion to stay enforcement of the order approving sale and to set a bond. On October 30, 2019, the circuit court stayed possession through November 7, 2019, ordered defendants to pay use and occupancy at a rate of $2100 per month with $560 due on or before November 6, and ordered all parties to appear on November 6, 2019, for presentment of the Karols' motion to stay enforcement and motion to reconsider. On November 6, 2019, the circuit court set a briefing schedule on the motion to reconsider and motion to stay enforcement and ordered that the stay of possession "remains in effect through 1/8/20 with requirement that Defendants pay the rental rate of $2100/month ***." On December 20, 2019, the Karols filed a motion for extension of time to file a motion to stay enforcement of the judgment pending appeal. The Karols asserted they filed a notice of appeal on October 11, 2019, and a motion to stay judgment pending appeal on October 30, 2019. They cited Illinois Supreme Court Rule 305(c) as a basis for extending the time to file a motion to stay enforcement.

¶ 11    On January 8, 2020, after briefing and a hearing, the circuit court (1) granted the Karols' motion for extension of time to file a motion to stay enforcement *nunc pro tunc* to October 13, 2019; (2) granted the motion to stay enforcement, contingent on payment of use and occupancy to

FAB; and (3) denied the Karols' October 11, 2019, motion to reconsider the denial of their motion to vacate.

¶ 12   On February 7, 2020, plaintiff filed a notice of appeal from the circuit court's October 30, 2019, November 6, 2019, and January 8, 2020, orders, which was docketed in this court as appeal No. 1-20-0257. Plaintiff's notice of appeal sought vacatur of the circuit court's order staying enforcement of the judgment on the basis that the order was void because the circuit court lost jurisdiction after denying the Karols' postjudgment motion. Also on February 7, 2020, plaintiff filed a motion in the circuit court seeking reconsideration of the January 8 order staying enforcement of the judgment. The gist of plaintiff's motion was that the Karols' motion to stay enforcement was untimely because it was not filed within the time for filing a notice of appeal from the circuit court's judgment; the Karols filed their motion to stay enforcement on October 30, 2019—after the circuit court had already lost jurisdiction to modify its judgment—and did not file their motion for extension of time until December 20, 2019. Plaintiff argued the circuit court improperly used a *nunc pro tunc* order to revest itself with jurisdiction to grant a stay of enforcement, and that circuit court's orders staying *possession* did not extend the circuit court's jurisdiction to stay *enforcement* of the judgment, so the circuit court's stay of enforcement order was void. The parties briefed plaintiff's motion to reconsider and waived oral argument. On October 27, 2020, the circuit court entered a written order denying plaintiff's motion reconsider.

¶ 13   On November 4, 2020, plaintiff filed a notice of appeal—docketed in this court as appeal No. 1-20-1191—from the circuit court's denial of its motion to reconsider. During briefing, we consolidated all the appeals.

¶ 14                                    II. JURISDICTION

¶ 15   We first consider our jurisdiction over each of the now consolidated appeals.

6

¶ 16     Appeal No. 1-19-2091 was filed on October 11, 2019, by the Karols. This appeal identified the orders or judgments appealed as the circuit court's July 27, 2018, judgment of foreclosure, June 18, 2019, order confirming sale, and September 13, 2019, order denying the Karols' motion to vacate. We have jurisdiction over the Karols' appeal under Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a) (eff. July 1, 2017) because the order approving sale was a final order that became appealable upon denial of the Karols' timely postjudgment motion to vacate on September 13, 2019.

¶ 17     Plaintiff filed two notices of appeal. Plaintiff asserts we have jurisdiction pursuant to Rule 303. We, however, have an independent duty to ascertain our jurisdiction over plaintiff's appeals, even though the Karols do not contest it.

¶ 18     Appeal No. 1-20-0257 was filed February 7, 2020, within 30 days of the circuit court's January 8, 2020, *nunc pro tunc* order granting the Karols' December 20, 2019, motion for extension of time to file a motion to stay enforcement of the June 18, 2019, order approving the judicial sale, and staying enforcement of the judgment.

¶ 19     Appeal No. 1-20-1191 was filed November 4, 2020, within 30 days of the circuit court's October 27, 2020, order denying plaintiff's motion to reconsider the January 8, 2020, order.

¶ 20     We find that the circuit court's January 8, 2020, and October 27, 2020, orders were not appealable judgments or orders, and we therefore lack jurisdiction over plaintiff's appeals. To understand our jurisdiction, we first examine the circuit court's jurisdiction, and in doing so, we address some of the arguments plaintiff raises in its brief. The circuit court's June 18, 2019, order approving the judicial sale was a final and appealable order. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. The Karols' July 17, 2019, motion to vacate the order approving sale was a postjudgment motion under section 2-1203(a) of the Code of Civil Procedure (Code) (735 ILCS

5/2-1203 (West 2018)) that tolled the time for filing a notice of appeal from the circuit court's June 18, 2019, final order. See Ill. S. Ct. R. 303(a). On September 13, 2019, the circuit court denied the Karols' postjudgment motion to vacate and temporarily stayed possession through October 13, 2019. The circuit court's September 13 denial of the only timely postjudgment motion directed at the judgment made the June 18, 2019, order approving sale final and appealable.

¶ 21    On October 10, 2019—within 30 days of the circuit court's denial of the postjudgment motion to vacate—the Karols filed a notice of appeal, and on October 11, the Karols filed a motion to reconsider the September 13 denial of their motion to vacate. The circuit court had no jurisdiction over the Karols' motion to reconsider for two reasons. First, the Karols' October 10, 2019, notice of appeal divested the circuit court of jurisdiction to modify the judgment. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 174 (2011) ("Once the notice of appeal is filed, the appeal court's jurisdiction attaches instanter, and the cause of action is beyond the jurisdiction of the circuit court."). Second, the Karols' October 11 motion to reconsider was a successive postjudgment motion because it sought the same relief sought as their July 17, 2019, postjudgment motion to vacate: to vacate the summary judgment order in favor of plaintiff, the judgment of foreclosure and sale, and the order approving the judicial sale. Our supreme court's rules do not permit successive postjudgment motions. Ill. S. Ct. R. 274 (eff. July 1, 2019). The circuit court had no jurisdiction to consider the Karols' successive postjudgment motion to reconsider because it no longer had jurisdiction to modify the final judgment.

¶ 22    But, contrary to one of the arguments raised by plaintiff in its appeal challenging the January 8, 2020, stay order, the Karols' October 10, 2019, notice of appeal did not divest the circuit court of jurisdiction over matters "collateral to or incidental to the judgment." *Pappas*, 242 Ill. 2d at 174. Our supreme court has specifically found that a motion to stay enforcement of a judgment

8

"is collateral to the judgment and does not affect or alter the issues on appeal." *Id.* (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 526 (2001)). Therefore, the Karols' October 10, 2019, notice of appeal did not deprive the circuit court of jurisdiction to consider a request for a stay of enforcement of the judgment. On January 8, 2020, the circuit court granted the Karols' motion stay enforcement.

¶ 23    Plaintiff filed a notice of appeal from the circuit court's January 8, 2020, order staying enforcement of the judgment. However, we are not aware of any authority suggesting that we have jurisdiction to review a circuit court's order granting a postjudgment stay of enforcement of a judgment. Our supreme court's rules govern what types of judgments and orders we may review. Rules 301 and 303 governs appeals from final judgments. "A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 233 (2005). An order granting a stay of enforcement of a judgment is not itself a judgment, but instead affects the parties ability to execute the judgment. Rule 304 (eff. Mar. 8, 2016) governs final judgments that do not dispose of an entire proceeding. Rule 304(a) is inapplicable here because Rule 304(a) requires "an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a). Rule 304(b) is likewise inapplicable because an order staying enforcement of a judgment is not one of the six enumerated types of orders appealable without a special finding required by Rule 304(a). Ill. S. Ct. R. 304(b). Rule 305 does not contain provisions regarding the appealability of a circuit court's order staying enforcement of a judgment. Rule 306 is inapplicable because it governs interlocutory appeals by permission, which are initiated by filing a petition for leave to appeal. Rule 308 is equally inapplicable, as that rule governs appeals from questions of law certified for interlocutory review.

¶ 24   Rule 307 governs interlocutory appeals as a matter of right, which includes orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. 307(a)(1). Here, the circuit court's order staying enforcement of the judgment is injunctive in nature, but our supreme court has observed that a postjudgment motion for injunctive relief is not governed by Rule 307 because the rule only applies to interlocutory orders entered prior to a final judgment. *Gardner v. Mullins*, 234 Ill. 2d 503, 509-10 (2009) (observing that Rule 307 was not a basis for appellate jurisdiction where motion for a temporary restraining order was filed and denied after the circuit court's final judgment). A postjudgment stay does not qualify as an interlocutory order for the purposes of Rule 307, and thus Rule 307 cannot be the basis for our jurisdiction over plaintiff's appeals.

¶ 25   In sum, an order staying enforcement of a judgment is not an appealable final judgment under our supreme court's rules, and those rules do not provide a mechanism for seeking appellate review of a circuit court's postjudgment order staying enforcement of a judgment. We therefore have no jurisdiction over the circuit court's January 8, 2020, order denying the Karols' motion to reconsider and motion to stay enforcement of the judgment, or the circuit court's October 27, 2020, order denying plaintiff's motion to reconsider. We have no authority to grant relief in the absence of jurisdiction, so we must dismiss plaintiff's appeals.

¶ 26   We will, however, consider the arguments raised in support of and in opposition to plaintiff's appeals to the extent those arguments bear on whether the Karols' appeal is moot, since whether an appeal is moot is a threshold question touching on whether this court can grant any effectual relief. *Lakewood Nursing & Rehabilitation Center v. Department of Public Health*, 2015 IL App (3d) 140899, ¶ 17.

¶ 27                                    III. ANALYSIS

¶ 28     At the outset, we address the issue of whether the Karols' appeal is moot. The issue arises because the property was sold at the judicial sale to a third party and there are questions as to whether the Karols perfected a stay of enforcement under Rule 305(k).

¶ 29     "An appeal is moot if it involves no actual controversy, or the reviewing court cannot grant the complaining party effectual relief." *Deutsche Bank National Trust Co. as Trustee for Indymac Indx Mortgage Loan Trust 2006-AR25 v. Roman*, 2019 IL App (1st) 171296, ¶ 21 (citing *Steinbrecher*, 197 Ill. 2d at 522-23). "It is well established that, in the absence of a stay, when the property that is the subject of an appeal is sold to a third party who is not a party to the litigation or a nominee for a party to the litigation, the appeal is moot." *Id.* (collecting cases).

¶ 30     Rule 305(k) protects the rights of a third party purchaser. The rule provides in relevant part

> "*If a stay is not perfected within the time for filing the notice of appeal*, or within any extension of time granted under subparagraph (c) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed." (Emphasis added.) Ill. S. Ct. R. 305(k) (eff. July 1, 2017).

Rule 305(c) provides in relevant part:

> "On motion made within the time for filing the notice of appeal or within any extension granted pursuant to this paragraph, *the time for the filing and*

> *approval of the bond or other form of security may be extended* by the circuit court or by the reviewing court or a judge thereof, but the extensions of time granted by the circuit court may not aggregate more than 45 days unless the parties stipulate otherwise." (Emphasis added.) Ill. S. Ct. R. 305(c).

Rule 305(k) applies if (1) the property passed pursuant to final judgment, (2) the right, title, and interest of the property passed to a party who is not a party to the action, and (3) the litigating party failed to perfect a stay of judgment within the time allowed for filing a notice of appeal. *Roman*, 2019 IL App (1st) 171296, ¶ 23. Applying those factors here, we find the Karols' appeal is moot.

¶ 31    First, there is no dispute the property passed to FAB pursuant to the order confirming the judicial sale, as FAB was the highest bidder at the judicial auction.

¶ 32    Second, FAB was not a party to the litigation. The circuit court entered its order confirming the judicial sale on June 18, 2019. The Karols filed a timely motion to vacate on July 17, 2019. The circuit court granted FAB's petition to intervene on August 14, 2019, well after the judgment of foreclosure and sale, the sale of the property, and the entry of a final order confirming the sale. The circuit court's order confirming the judicial sale became appealable on September 13, 2019, when the circuit court denied the Karols' motion to vacate. Neither plaintiff nor the Karols ever filed any claims against FAB, and thus FAB was not a party to the litigation. Instead, FAB purchased the property at the foreclosure auction after the judgment of foreclosure and sale and was a "mere purchaser of property" with no interest in the litigation other than protection of its future right to possess the property.

¶ 33    The Karols argue that FAB made itself a party to the litigation when the circuit court granted FAB's petition to intervene prior to the judgment becoming final. There is no dispute that the Karols' postjudgment motion to vacate the order approving sale was pending on August 14,

2019, when the circuit court granted FAB's petition to intervene. However, we do not agree with the Karols that FAB became a party for the purposes of Rule 305(k).

¶ 34    In *Roman*, a third party—Cortez Vilico LLC—purchased the property that was the subject of the foreclosure litigation at the judicial sale. 2019 IL App (1st) 171296, ¶ 12. The plaintiff bank filed a motion to confirm the judicial sale. During briefing, the circuit court granted Cortez Vilico's petition to intervene, and Cortez Vilico filed a brief in support of confirming the sale. The circuit court confirmed the judicial sale, and its order indicated that the holder of the certificate of sale was 1460 Cortez LLC. *Id.* ¶ 14. The circuit court denied the defendants' motion to stay enforcement. *Id.* ¶ 16. The defendants filed a notice of appeal, and the bank moved to dismiss the appeal pursuant to Rule 305(k), since title to the property had been conveyed to 1460 Cortez. *Id.* ¶ 17. This court concluded that the defendants' appeal was moot under Rule 305(k). The parties' main disagreement was whether 1460 Cortez was a party to the litigation. *Id.* ¶ 27. We observed that 1460 Cortez never moved to intervene and there was nothing in the record establishing a relationship between 1460 Cortez and Cortez Vilico, which had intervened in the circuit court. *Id.* We opined that, even if there were a relationship between the two entities, Cortez Vilico's intervention did not make it a party for the purposes of Rule 305(k). *Id.* We explained:

> "assuming 1460 Cortez LLC is related to Cortez Vilico LLC, for us to conclude Cortez Vilico LLC participated in the foreclosure litigation as anticipated by Rule 305(k) goes against the spirit of *Steinbrecher*. Our supreme court in *Steinbrecher* clearly set forth that when the third-party purchaser 'acquired title to the property pursuant to the judgment and sale, and at all times prior, neither was it "[o]ne by or against whom a lawsuit is brought" nor did it have a stake or standing in the partition lawsuit.' *Steinbrecher*, 197 Ill. 2d at 526. The third-party purchaser was a

'mere purchaser of the property' and therefore, at the time of the judgment and sale it was a nonparty for the purposes of Rule 305. *Id.* The *Steinbrecher* court went on to explain the public policy behind Rule 305 to protect the integrity and finality of property sales, including judicial sales and that absent a policy of finality and permanence, 'no person would purchase real property involved in a judicial proceeding, if afterwards he incurred the hazard of losing the property due to facts unknown to him at the time of the sale.' " *Id.* at 529. *** Similarly here, Cortez Vilico LLC was a 'mere purchaser of the property' and had no interest in the foreclosure litigation other than to protect its future possessory interest in the property. Accordingly, we agree with plaintiff that this appeal should be dismissed as moot under Rule 305(k)." *Roman*, 2019 IL App (1st) 171296, ¶ 27.

¶ 35    We find the reasoning in *Roman* is sound. FAB's intervention during briefing on the Karols' postjudgment motion to vacate did not make it a party to the litigation for the purposes of Rule 305(k). FAB did not participate in the litigation prior to the circuit court's order confirming the judicial sale, and it filed its petition to intervene during briefing on the Karols' postjudgment motion to vacate the confirmation order and judgment of foreclosure. FAB was a mere purchaser of property with no interest in the ligation other than protecting its future possessory interest in the property. We find that FAB was not a party to the ligation for the purposes of Rule 305(k).

¶ 36    Third, a review of the proceedings shows the Karols failed to perfect a stay of the circuit court's judgment within the time for filing a notice of appeal. Rule 305(k) plainly requires that a stay of enforcement be perfected "within the time for filing the notice of appeal." Ill. S. Ct. R. 305(k). Here, the circuit court entered a series of orders temporarily staying possession after the

order approving sale, but those stay orders were all for a finite duration. The Karols, however, did not seek a a stay of enforcement of the judgment within the time for filing a notice of appeal.

¶ 37 Under the Illinois Mortgage Foreclosure Law, FAB had the right to possess the property 30 days after the circuit court's June 18, 2019, order confirming the judicial sale, which in this case would have been after July 18, 2019. 735 ILCS 5/15-1701(d) (West 2020). On July 11, 2019, the Karols filed a motion to extend the stay of possession, and then filed their motion to vacate the order confirming the sale. The circuit court entered orders temporarily staying possession during proceedings on the Karols' postjudgment motion to vacate. The circuit court's order confirming the judicial sale became final and appealable on September 13, 2019, when the circuit court denied the Karols' motion to vacate. On September 13, the circuit court stayed possession through October 13, 2019. By its own terms, the stay of possession expired after October 13, 2019.

¶ 38 The Karols did not file any motions to stay enforcement—or motions for extension of time to file a motion for a stay of enforcement—of the circuit court's judgment within 30 days of September 13, and FAB had the right to possess the property after October 13. On October 17, 2019—more than 30 days after September 13—the Karols filed another motion to stay possession pending a ruling on their October 11, 2019, motion to reconsider the denial of their motion to vacate. Before the circuit court could hear that motion, the Karols filed a second motion to stay possession on October 28, 2019, asserting they received a notice of eviction. On October 30, 2019, the Karols filed a motion specifically requesting that the circuit court stay enforcement of the judgment pending appeal. However, for the purposes of Rule 305(k), the Karols' motion to stay enforcement was too late.

¶ 39 It is self-evident that an order temporarily staying possession is only effective during the duration of the stay and expires upon the stated expiration date. Here, the circuit court denied the

Karols' motion to vacate on September 13, 2019, and the Karols' notice of appeal needed to be filed no later than October 13, 2019. The Karols filed their notice of appeal on October 11, 2019, but did not file any motion to stay enforcement of the judgment until October 30, 2019. The temporary stay of possession entered September 13, 2019, expired on October 13, 2019. The Karols plainly failed to seek or perfect a stay within the time for filing a notice of appeal.

¶ 40    The Karols contend, however, that they did perfect a stay within the time for filing a notice of appeal. First, they argue there is no difference between a stay of possession and a stay of enforcement, although they acknowledge they were unable to cite any authority to support this assertion. As we discussed above, however, there is an obvious distinction between a stay of enforcement of a judgment pending appeal, and a temporary stay of possession that terminates by its own terms. It is axiomatic that a stay is no longer a stay once it expires. Here, the circuit court's September 13 stay of possession order expired on October 13 and was of no force or effect upon its expiration.

¶ 41    The Karols next assert this court should treat their September 13, 2019, oral motion to stay possession—which was granted in the circuit court's September 13 order—as a motion for a stay of enforcement. The Karols, however, have not supplied this court with a transcript of the September 13 proceedings before the circuit court, so we cannot ascertain what relief the Karol's asked for, what arguments the circuit court heard in support of and in opposition to the motion, and what findings the circuit court may have made that are not reflected in the circuit court's written order. The circuit court's order, by its own terms, only stayed possession until October 13. We therefore reject the Karol's invitation to construe the circuit court's temporary stay of possession as a stay of enforcement pending appeal.

¶ 42     The Karols argue a stay of enforcement was perfected according to Rule 305(b) and (d) because Rule 305(b) does not set a deadline for filing a motion to stay enforcement, and they complied with Rule 305(d) by bringing their motion to stay to the circuit court in the first instance. The Karols' argument, however, ignores Rule 305(k), which plainly requires a stay be perfected within the time for filing a notice of appeal, or within the time extended by the circuit court, if applicable. Their reliance on Rule 305(b) and (d) is misplaced.

¶ 43     The parties disagree about the application of Rule 305(c), which governs extensions of time "for the filing and approval of the bond or other form security." We fail to see how Rule 305(c) has any relevance to this issue. Rule 305(c) must be read in connection with the other subsections of Rule 305. Rule 305(k) requires a party to perfect a stay within the time for filing a notice of appeal or within the time extended by the circuit court, if applicable. The rule does not define "perfected," but reading Rule 305 as a whole, a stay is perfected when the circuit court—having determined that a stay is necessary and that the appellee's interest is adequately protected—enters a stay of enforcement order. If the circuit court requires a bond or other security as a condition of the Rule 305(b) stay, a party may seek an extension of time to comply under Rule 305(c), but the circuit court may not extend the time for compliance by more than 45 days. Ill. S. Ct. R. 305(c).

¶ 44     Given the facts before us, we do not see how Rule 305(c) factors into our analysis. In our view, Rule 305(c) applies when a party files a timely motion to stay enforcement and the circuit court conditions the stay on the filing and approval of a bond or other security, and the party requesting a stay needs additional time to obtain a bond or other approved security. That did not happen here because the Karol's motion to stay enforcement was filed outside the time for filing a notice of appeal. Even if Rule 305(c) applied, the rule requires a motion for extension of time to

17

be filed within the time for filing the notice of appeal or within any extension of time previously granted. The Karols cannot demonstrate that they did that, either.

¶ 45 Finally, the Karols contend the circuit court properly used a *nunc pro tunc* order to find that their December 20, 2019, motion for extension of time to file a motion to stay enforcement was timely. According to the Karols, "when the trial court entered its January 8, 2020, order it acknowledged that it had previously stayed enforcement of the judgement [*sic*] via its prior orders and had intended these orders to perfect the Karols' requested stay." But that assertion is not supported by the record. There is no transcript or bystander's report of the circuit court proceedings on January 8, 2020, and thus we cannot ascertain what was presented during that hearing. Further, the Karols' assertion is not supported by the circuit court's January 8, 2020, order, which (1) granted the Karols' Rule 305(c) motion for extension of time to file a motion to stay enforcement *nunc pro tunc* to October 13, 2019; (2) granted the motion to stay enforcement, contingent on payment of use and occupancy to FAB; and (3) denied the Karols' October 11, 2019, motion to reconsider the denial of their motion to vacate. From the plain language of the circuit court's order, we can only conclude that the circuit believed it could use a *nunc pro tunc* order to treat the Karols' December 20, 2019, motion for extension of time to file a motion to stay enforcement as if it were filed on October 13, 2019, and give its stay of enforcement order retroactive effect. A review of the record, however, does not show that the circuit court was attempting to correct an inadvertent clerical error or omission, but was instead granting new relief that was not previously requested or granted.

¶ 46 "We review *de novo* whether an order satisfies the criteria for a *nunc pro tunc* order." *Wells v. State Farm Fire & Casualty Co.*, 2020 IL App (1st) 190631, ¶ 42. A *nunc pro tunc* order may be used where the actual order entered by the circuit court omits some part of the order that was

made but was not reflected in the original order. *Deutsche Bank National Trust Co. v. Ivicic*, 2015 IL App (2d) 140970, ¶ 17. As this court has repeatedly observed, a *nunc pro tunc* order " 'merely corrects inadvertent omissions from the judgment order, and should not be entered if the omission is the result of either a deliberate decision by the judge or *relates to an issue that was not presented to the judge*.' " (Emphasis added.) *Id.* (quoting *Z.R.L. Corp. v. Great Central Insurance Co.*, 201 Ill. App. 3d 843, 845 (1990)). "A *nunc pro tunc* order *must be based on some note, memorandum, or memorial in the record* indicating that the omission was an *inadvertent clerical error*." (Emphases added.) *Id.* (citing *Z.R.L. Corp.*, 201 Ill. App.3d at 845). "Any document in the record may serve as evidence of the inadvertent nature of the omission, including hearing transcripts, but *the evidence must be definite and certain*." (Emphasis added.) *Id.* In other words, the circuit court may properly use a *nunc pro tunc* order to correct an order that incorrectly reflects—whether by omission or through a clerical error—the circuit court's prior ruling. *In re Marriage of Breslow*, 306 Ill. App. 3d 41, 53-54 (1999).

¶ 47    Here, the circuit court's *nunc pro tunc* order was improper. Nothing in the record supports the circuit court's use of a *nunc pro tunc* order to grant relief that was belatedly requested. The Karols do not identify any evidence in the record suggesting they requested the circuit court stay enforcement of the judgment prior to their October 30, 2019, motion. Further, they do not identify any evidence in the record that might support the circuit court's finding that any of the circuit court's prior temporary stay of possession orders were intended to be a stay of enforcement of the judgment pending appeal. Instead, it appears the circuit court simply used a *nunc pro tunc* order to grant the Karols relief that they had not previously requested, and to specifically avoid the outcome that this court reaches today. Our finding is bolstered by the circuit court's October 27, 2020, order denying plaintiff's motion to reconsider its stay of enforcement. The circuit court

observed that "[d]espite twice before requesting a stay of possession pending his post judgment motion, Karol neglected to assert anything regarding the stay between September 13, 2019 and October 13, 2019. Accordingly, the stay imposed by the order entered September 13, 2019 lapsed on October 13, 2019." The circuit court determined that it had jurisdiction to enter a stay of enforcement after October 13, 2019, and went on to explain:

> "Between October 14, 2019 and October 30, 2019, no stay order was in effect. [Plaintiff] has not identified any prejudice to any party accruing as a result of that temporary lapse in the imposition of stays of the order of possession between July 26, 2019 and today's date. *Had a request to extend the stay been made on October 13, 2019, the Court would have granted it*. Given the Court's conclusions stated above, the passage of time, and the lack of any prejudice shown due to the lapse, the issues pertaining to that lapse of time and to inclusion of 'nunc pro tunc" language in the January 8, 2019 order are moot and need not be addressed by this Court.

¶ 48    There is absolutely no record support for the circuit court's decision to use a *nunc pro tunc* order to retroactively stay enforcement of the final judgment. The circuit court's own language in the October 27, 2020, order says it all: "Had a request to extend the stay been made on October 13, 2019, the Court would have granted it." Plainly, the Karols *did not request* a stay of enforcement on or before October 13, 2019. The circuit court improperly used a *nunc pro tunc* order to grant relief that was not timely requested. We find that the improper entry of the *nunc pro tunc* order did not cure the failure to perfect a stay of enforcement within the time for filing a notice of appeal.

¶ 49    The circuit court effectively granted a retroactive extension of time for the Karols to do something that they simply failed to do. Neither party discusses—and the circuit court did not rely on—the circuit court's authority under Rule 183 (eff. Feb. 6, 2011) to, upon good cause shown, extend the deadline for doing an act required by rule even after the expiration of the time for acting. Any such argument is therefore forfeited. Ill. S. Ct. Rule 341(h)(7) (eff. Oct. 1, 2020). We nonetheless observe that the Karols' December 20, 2019, motion for extension of time—filed *after* plaintiff filed a response specifically objecting that the motion to stay enforcement was not filed within the time for filing a notice of appeal—offered no explanation for their failure to timely request an extension of time.

¶ 50    In sum, the Karols' appeal is moot because they failed to perfect a stay of enforcement of the final judgment within the time for filing a notice of appeal. The circuit court improperly used a *nunc pro tunc* order to deem timely the Karols' motion for extension of time to file a motion to stay enforcement, and any argument pertaining to Rule 183 is forfeited. We therefore dismiss the Karols' appeal as moot.

¶ 51                                    IV. CONCLUSION

¶ 52    For the foregoing reasons, plaintiff's appeals in appeal Nos. 1-20-0257 and 1-20-1191 are dismissed for lack of jurisdiction because the orders appealed from are not appealable judgments. The Karols' appeal in appeal No. 1-19-2091 is dismissed as moot where they failed to timely perfect a stay of enforcement of the judgment, and the property passed to a nonparty pursuant to the circuit court's final judgment.

¶ 53    Appeal No. 1-19-2091, dismissed.

¶ 54    Appeal No. 1-20-0257, dismissed.

¶ 55    Appeal No. 1-20-1191, dismissed.

21

**Nos. 1-19-2091, 1-20-0257, & 1-20-1191**

| | |
|---|---|
| **Cite as:** | *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-CH-7557; the Hon. John J. Curry, Jr., presiding. |
| **Attorney For Appellants:** | David R. Sweis, of Sweis Law Firm, P.C., of Chicago, for appellants. |
| **Attorneys For Appellee:** | Riccardo A. DiMonte, Thomas J. Cassiday, and Taylor H. Wachal, of Dimonte & Lizak, LLC, of Park Ridge, and David T. Arena, of Arena Law Office, of Park Ridge, for appellee. |