2025 IL App (1st) 240676-U

No. 1-24-0676

Order filed January 15, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MOISES VAZQUEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M 1013471 |
| | ) | |
| LANDRO PAVON and ELIZABETH ENRIQUE, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the court's judgment as plaintiff has not provided a sufficient record on appeal. We vacate the court's void order ruling on plaintiff's successive postjudgment motion.

¶ 2   Following a bench trial, plaintiff Moises Vazquez appeals *pro se* from the circuit court's judgment in favor of defendants Landro Pavon and Elizabeth Enrique in plaintiff's property damage action. On appeal, plaintiff argues that the court erred in granting judgment for defendants. As the record on appeal is insufficient for us to meaningfully review the court's judgment, we

affirm. We also vacate the court's order denying plaintiff's successive postjudgment motion as the court lacked jurisdiction over that motion.

¶ 3        The record on appeal consists of one volume of the common law record and lacks a report of proceedings or acceptable substitute. The following facts are drawn from the common law record.

¶ 4        On August 10, 2023, plaintiff filed *pro se* a complaint against defendants, his neighbors, alleging that defendants had at least seven dogs that had been damaging his wooden fence for three years. The complaint alleged that defendants had agreed to build their own fence to prevent their dogs from damaging plaintiff's fence. Plaintiff claimed that he had photographs and video of defendants' dogs biting his wooden fence and damaging his property. He claimed $30,000 in damages.

¶ 5        On January 24, 2024, the court held a trial. On February 15, 2024, the court entered a trial call order finding for defendants.

¶ 6        On March 7, 2024, the court entered an order denying plaintiff's motion to reconsider. The order reflects that plaintiff was in court. Plaintiff's motion is not included in the record on appeal.

¶ 7        On March 8, 2024, plaintiff filed a motion for reconsideration and default judgment. In his motion, plaintiff argued that the court erred in entering judgment for defendants when Pavon had not appeared at trial.

¶ 8        On March 22, 2024, the court entered a written order denying plaintiff's motion for reconsideration and default judgment. The court stated:

> "During the trial (prove up) for this case, the Plaintiff offered video evidence of the condition of the fence at issue. The videos clearly showed his own dogs damaging the fence

from his side of the property. Not only did the evidence fail to show the defendant was responsible or liable for any damage to the fence, the evidence showed the Plaintiff's own dogs chewing through the fence. Further, while the defendant failed to appear for the final trial date, Plaintiff failed to appear for prior trial."

¶ 9 On March 27, 2024, plaintiff filed a notice of appeal, identifying the dates of the orders or judgments he wanted to appeal as January 24, 2024 (date of trial), February 15, 2024 (date court entered judgment), and March 22, 2024 (date court denied his motion to reconsider).

¶ 10 On appeal, plaintiff argues that the court erred in granting judgment in favor of defendants. He claims that defendants' 18 dogs damaged his fence, and Pavon had agreed to build his own fence to protect plaintiff's fence. He states that the court observed "pictures of the entire wood fence that is *** about 2 feet in side [*sic*] [plaintiff's] property." He repeats that Pavon did not appear at trial.

¶ 11 On October 29, 2024, we entered an order taking the case on the record and plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (where issues are simple, a court may decide case on appellant's brief only).

¶ 12 Initially, we note that plaintiff's brief violates Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) by failing to provide a comprehensive statement of facts free of argument and with citations to the record and failing to provide any citations to relevant authority in his argument section. See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020) (appellant's brief shall include a statement of facts containing facts necessary to understanding the case "stated accurately and fairly without argument or comment" and with citations to the record, and an argument section setting

out contentions with citations to authority); see also *Eberhardt v. Village of Tinley Park*, 2024 IL App (1st) 230139, ¶ 84 (failure to cite pertinent authority forfeits review of issue).

¶ 13    Most significantly, however, the record on appeal is insufficient for us to review plaintiff's appeal. The record on appeal shall include a report of proceedings containing "all the evidence pertinent to the issues on appeal." Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 323(a) (eff. July 1, 2017). If no verbatim transcript is available, a party may file a bystander's report as an acceptable substitute. Ill. S. Ct. R. 323(c) (eff. July 1, 2017).

¶ 14    As the appellant, it is plaintiff's burden to provide a complete record to support a claim of error, and without such a record, we must presume the lower court's order conformed with the law and had sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Id.* at 391. We must construe any doubts arising from the incompleteness of the record against the appellant. *Id.* at 392.

¶ 15    These principles are especially applicable here. Plaintiff challenges the court's judgment following a bench trial. When a trial court makes findings of fact following a bench trial, the findings are reviewed under the manifest weight of the evidence standard and therefore only reversed if unreasonable, arbitrary, not based on the evidence, or the opposite conclusion is clearly evident. *Andrew W. Levenfeld & Associates, Ltd. v. O'Brien*, 2024 IL 129599, ¶ 56. A sufficient record on appeal is therefore paramount.

¶ 16    Without the ability to review a transcript of the proceedings or acceptable substitute, or the evidence that the court viewed, we cannot conclude that the court's findings were against the manifest weight of the evidence. See *O'Malley v. Udo*, 2022 IL App (1st) 200007, ¶ 60 (reviewing

court could not hold that trial court's findings were against the manifest weight of the evidence without transcript of the findings). Despite his *pro se* status, it was plaintiff's obligation as the appellant to provide a sufficient record. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19. As he failed to do so, we must presume that the court's judgment conformed with the law and had sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92. We therefore affirm the court's judgment for defendants.

¶ 17    Lastly, plaintiff indicated in his notice of appeal that he wanted to appeal the court's March 22, 2024, order denying his March 8, 2024, motion for reconsideration and default judgment. However, we must vacate that order as the court lacked jurisdiction to enter it.

¶ 18    In non-jury cases, a party may file a motion to reconsider within 30 days following the entry of judgment. See 735 ILCS 5/2-1203(a) (West 2022). However, unless the court modifies its judgment pursuant to the party's first postjudgment motion, the party may not file another postjudgment motion. Ill. S. Ct. R. 274 (eff. July 1, 2019). Indeed, the court lacks jurisdiction to hear successive postjudgment motions. *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 21. If a circuit court enters an order without jurisdiction, the order is void. *People v. Bailey*, 2014 IL 115459, ¶ 28. In that scenario, we lack authority to review the merits of that order and must vacate the order and dismiss the underlying motion. *Id.* ¶ 29.

¶ 19    Here, the court entered judgment on February 15, 2024. On March 7, 2024, the court entered an order denying plaintiff's motion to reconsider. On March 8, 2024, plaintiff filed a motion to reconsider and for default judgment. As that motion was a successive postjudgment motion, the court lacked jurisdiction to hear it. Ill. S. Ct. R. 274 (eff. July 1, 2019); *Old Second National Bank, N.A.*, 2022 IL App (1st) 192091, ¶ 21. Accordingly, the court's March 22, 2024,

order denying the motion is void. *Bailey*, 2014 IL 115459, ¶ 28. We therefore vacate that order and dismiss plaintiff's March 8, 2024, motion. *Id.* ¶ 29.[1]

¶ 20    For the foregoing reasons, we (1) affirm the judgment of the circuit court entered on February 15, 2024; (2) vacate the court's March 22, 2024, order denying plaintiff's successive postjudgment motion; and (3) dismiss plaintiff's March 8, 2024, successive postjudgment motion pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) (reviewing court has power to "make any order that ought to have been given or made").

¶ 21    Affirmed in part, vacated in part; motion dismissed.

---

[1] As plaintiff filed his notice of appeal on March 27, 2024, within 30 days of the court's March 7, 2024, order denying his first postjudgment motion, we have jurisdiction over plaintiff's appeal of the trial court's judgment in favor of defendants. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (notice of appeal is timely if filed within 30 days of judgment or resolution of timely postjudgment motion).